**Ronald T. EDWARDS, Plaintiff,**

v.

**GORDON & COMPANY, Defendant.**

**Civ. A. No. 80–0566.**

United States District Court,
District of Columbia.

April 27, 1982.

Steven J. Toll, Kohn, Milstein, Cohen & Hausfeld, Washington, D. C., for plaintiff.

James P. Mercurio, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for defendant; Warren G. Miller, Miller & Miller, Boston, Mass., of counsel.

MEMORANDUM OPINION and ORDER

ARTHUR L. BURNETT, United States Magistrate.

The pending motion to compel production of documents and payment of expenses filed March 4, 1982, with accompanying memorandum in support thereof, addressed to plaintiff's second request to defendant for production of documents filed January 21, 1982, raises the classic discovery problem of an overbroad and all comprehensive request for documents and records under the philosophy of a liberal interpretation of relevancy, pursuant to the standards of Rule 26, Federal Rules of Civil Procedure. Plaintiff has asserted that the broad and liberal standard of relevancy to be applied at the discovery stage is well known and should control, citing, e.g., *Association for Women in Science v. Califano,* 566 F.2d 339 (D.C.Cir.1977); 8 Wright and Miller, Feder-

al Practice and Procedure, § 2008 at pp. 46–47 and cases collected in note 23.

Defendant has responded with the classic stone wall, to wit, "Defendant objects to the foregoing request on the ground that it calls for documents that are not relevant to the subject matter of this action and not reasonably calculated to lead to admissible evidence." Thus, the defendant declined, even after a telephone call from the plaintiff for the purpose of resolving the discovery impasse, to furnish those documents and records clearly relevant to the issue of payment of commissions and fees to brokers in connection with the purchase of the underlying securities involved in the Gordon & Co. Limited Price Put and Call Options Program, and the failure to make any disclosure to potential investors regarding such commissions and fees, the issue which lies at the heart of this litigation.

Literally read, plaintiff's discovery request would require production of every sheet and scrap of paper and information from every other record source in Gordon & Co.'s files concerning its Limited Price Put and Call Options Program. Indeed, in plaintiff's first request to defendant for production of documents, plaintiff defined "documents" as including any written record or graphic matter, however produced or reproduced, "in the possession, custody or control of the Defendant, its subsidiaries, its merged or acquired predecessors, its former and present partners, counsel, agents, employees and/or persons acting on its behalf." Thus, employing a standard of "relevant to the subject matter involved," plaintiff's counsel wishes to inspect and examine *all* documents in Gordon & Co.'s records and files for the relevant period of January 1, 1978 through June 30, 1980.[1] (Emphasis added.)

However, with the Federal Rules of Civil Procedure changes in 1980 there has developed a far greater concern about discovery abuse and the burden and expenses of extensive discovery. This is an appropriate concern whether the party subject to the discovery is an individual or a business or corporate enterprise, which will undoubtedly pass on its costs of doing business, including legal expenses, to the consumers of its goods and/or services. Thus, judges and magistrates are becoming more sensitive to the need for a greater use of Rule 26(c) of the Federal Rules of Civil Procedure to protect against "annoyance, embarrassment, oppression, or undue burden or expense." Further, Rule 26(f) providing for discovery conferences was added in 1980 to provide for greater judicial control to ameliorate the unwarranted expenses and burdens associated with pretrial discovery in civil litigation.

In civil securities litigation, even prior to 1980, there had been some judicial recognition of the special problems and potential for discovery abuse. Mr. Justice Rehnquist in 1975 had the occasion to observe:

"The potential for possible abuse of the liberal discovery provisions of the Federal Rules of Civil Procedure may ... exist in this type of case to a greater extent than they do in other litigation. The prospect of extensive deposition of defendant's officers and associates and the concomitant opportunity for extensive discovery of business documents, is a common occurrence in this and similar types of litigation. To the extent that this process eventually produces relevant evidence which is useful in determining the merits of the claims asserted by the parties, it bears the imprimatur of those Rules and of the many cases liberally interpreting them. But to the extent that it permits a plaintiff with a largely groundless claim to simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a rea-

---

1. It is significant to note that the affidavit of Michael B. Salke, the only general partner in Gordon & Co., filed November 18, 1981, indicates that since 1976 Gordon & Co. has been engaged primarily in the business of writing and selling Gordon & Co. Limited Price Put and Call Options. Thus, discovery directed to the entire options program and the purchase of the underlying securities would entail the plaintiff's exploration of what is the major significant part of the business of Gordon & Co.

sonably founded hope that the process will reveal relevant evidence, it is a social cost rather than a benefit." (Emphasis in original.) *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975).

Discovery thus should be confined to developing facts underlying a plaintiff's claim or claims and not used as a "fishing expedition" to discover what else may be amiss or to develop wholly new claims unrelated to what is averred in the complaint. Cf. *McFarland v. Memorex Corp.*, 493 F.Supp. 631, 639 (N.D.Calif.1980). The mere allegation of one specific claim of an alleged violation of the securities laws does not *per se* entitle a plaintiff or his counsel to roam through a defendant's files at will.[2]

Following oral argument by counsel on April 20, 1982, the Magistrate advised counsel that the concerns for overbreadth of the requests for production of documents and discovery abuse would be reassessed in light of the pleadings in the court file and their arguments. The Magistrate has now completed that reassessment and plaintiff's motion to compel will be granted, in part, and denied in part as hereinafter set forth. Specifically, the defendant shall respond within thirty (30) days of this Order with document production for the time period of January 1, 1978 through June 30, 1980 to the following qualified and restricted requests for production of documents:

1. All correspondence between Gordon & Co. and any other person, including brokers, who purchased Options from Gordon & Co. under Gordon & Co.'s Limited Price Put and Call Options Program which in any way relates to or deals with commissions or fees to be paid with respect to purchases and sales of Gordon & Co. options or the securities underlying those options.

2. All correspondence between Gordon & Co. and any brokers dealing with or relating to (a) the forwarding of prospectuses to brokers concerning Gordon & Co.'s Limited Price Put and Call Options Program, (b) advertising material related to Gordon & Co. options, (c) instructions or recommendations by Gordon & Co. as to how to inform potential customers of Gordon & Co. options and how to recommend and sell such options, and (d) all references to commissions or fees to be earned by brokers with respect to purchases and/or sales of Gordon & Co. options or the securities underlying those options.

3. All memoranda dealing with commissions or fees paid brokers generated by Gordon & Co. pertaining to conversations between Gordon & Co. and any person who was interested in or who purchased options from Gordon & Co. under its Limited Price Put and Call Options Program.

In all other respects plaintiff's motion to compel is denied, including its request for expenses and attorneys' fees.[3]

However, since it appears that some of the compelled discovery will involve confidential information concerning account rec-

---

2. One court has aptly observed: "Complaints should not be conceived merely as tokens, guaranteeing access to a world of discovery. See, *Segal v. Gordon*, supra, 467 F.2d [602] 607–08 [2nd Cir.]: 'A complaint alleging fraud should be filed only after a wrong, not to find one.' Neither plaintiff nor his counsel are entitled to roam through a defendant's files at the mere drop of a 'complaint.'" *Denny v. Barber*, 73 F.R.D. 6, 10 (S.D.N.Y.1977). While not precisely applicable where a complaint sets forth one specific allegation of violation of the securities laws, this philosophy should preclude using one specific allegation as a basis to investigate via discovery all aspects of an options program on the chance that it may disclose other violations of securities laws or fraud. Of course, if in the course of appropriately limited discovery, a plaintiff discovers a factual basis for related claims, the plaintiff may move to amend his complaint. Rule 15, Federal Rules of Civil Procedure.

3. If plaintiff's requests for production of documents had been more closely tailored to the specific subject matter of commissions and fees paid brokers, plaintiff's request for expenses would have been more justified. On the other hand, the defendant's conduct in a blanket refusal to furnish any documents does not meet with approbation. Had the defendant responded by producing documents dealing with commissions and fees earned by or paid to brokers in connection with the options program, and objected to producing documents unrelated to that issue, this matter might not have required judicial intervention and resolution.

ords of option and securities customers of Gordon & Co., in addition to the records pertaining to the plaintiff, and will invade their business and financial privacy, the Magistrate *sua sponte* imposes the following protective order restrictions. Documents produced and other information shall be for use only in this case and shall not otherwise be disclosed. Counsel for the plaintiff may use the information obtained in discussions with his client, in further discovery, in dispositive or other motions, and at the trial of this case, should that occur. Any documents filed with the court containing the financial and business records of Gordon & Co.'s option and securities customers not parties to this litigation, or containing information obtained from such records, shall be filed under seal, subject to further order of the Magistrate or a judge of the court. Once the case has been finally concluded, any copies of documents produced and any memoranda or other writings of their contents shall either be returned to the defendant or destroyed under procedures sufficient to assure the defendant that the contents thereof will remain confidential and private.

One additional matter has come to the Magistrates' attention in the course of reviewing the court file. From answers to interrogatories and an affidavit of Michael B. Salke it appears that Gordon & Co. is not a corporation but is a partnership under the laws of Massachusetts with one general partner and several limited partners. Thus, it appears appropriate that plaintiff should file a further amended complaint properly characterizing the defendant in this suit. Accordingly, Leave is granted to plaintiff to file a Second Amended Complaint no later than ten (10) days of this Memorandum Opinion and Order. The Magistrate has also noted the pendency of the defendant's motion to dismiss Counts I and III of the First Amended Complaint pursuant to Rule 9(b) of the Federal Rules of Civil Procedure for failure to allege with sufficient particularity the allegations in those counts. To the extent that plaintiff can set forth the circumstance constituting fraud or false misrepresentation or omission with greater particularity than he has done so to date, he is also granted leave to do so in his Second Amended Complaint.

While the Magistrate is aware that there is still pending plaintiff's motion for class certification and defendant's motion to dismiss as to Counts I and III, the Magistrate notes that this case was filed February 29, 1980, more than two (2) years ago, and thus counsel shall proceed expeditiously with compliance with this Order and other relevant discovery not affected by the above two (2) referenced motions.