William P. TAVOULAREAS, et al.

v.

The WASHINGTON POST COMPANY, d/b/a The Washington Post, a Delaware Corporation, et al., Mobil Corporation, et al., Appellants.

No. 83-1688.

United States Court of Appeals, District of Columbia Circuit.

June 25, 1984.

---

On Rehearing *En Banc* and On the Suggestion that Rehearing be Withdrawn.

David E. Kendall, Kevin T. Baine and Scott M. Matheson, Jr., Washington, D.C., were on the suggestion for rehearing en banc filed by appellee The Washington Post.

Anthony C. Epstein, Bruce G. Joseph, Jack C. Landau and Judy D. Lynch, Washington, D.C., were on the suggestion for rehearing en banc filed by appellees The Reporters Committee for Freedom of the Press, et al.

Judah Best and Loren Kieve, Washington, D.C., were on the suggestion that rehearing be withdrawn filed by appellants.

Before ROBINSON, Chief Judge, WRIGHT, TAMM, WILKEY, WALD, MIKVA, EDWARDS, GINSBURG, SCALIA and STARR, Circuit Judges, and Mac-KINNON, Senior Circuit Judge.*

ORDER

PER CURIAM.

Upon consideration of appellants' suggestion that rehearing be withdrawn, and of the responses thereto, and it appearing that on March 28, 1984 this Court directed that supplementary briefing and oral argument be deferred pending the disposition of the Supreme Court in *Seattle Times Co. v. Rhinehart,* and it further appearing that the latter case was decided by the Supreme

Court, —— U.S. ——, 104 S.Ct. 2199, 81 L.Ed.2d 17, and it being the view of this Court that this case should be remanded to the District Court for reconsideration in light of the ruling in *Seattle Times Co. v. Rhinehart,* it is

ORDERED, by the Court, *en banc, sua sponte,* and for the reasons given in the attached Memorandum, that this case is remanded to the District Court for such further action as may be appropriate, including reconsideration of the justification, if any, for maintenance of a protective order, in light of what the Supreme Court has stated in *Seattle Times Co. v. Rhinehart,* and in light of the good cause requirement of Rule 26(c), F.R.C.P., and it is

FURTHER ORDERED, by the Court, *en banc,* that appellants' suggestion that rehearing be withdrawn is dismissed as moot.

MEMORANDUM

In light of the Supreme Court's recent decision in *Seattle Times Co. v. Rhinehart,* —— U.S. ——, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), and for the reasons set out below, we remand this case to the District Court for further proceedings.

This case initially reached the court of appeals after Judge Gasch exercised his discretion and lifted a protected order that he had earlier imposed on Mobile Corporation ("Mobil") depositions and exhibits, which the Washington Post had received during discovery in a libel trial. After concluding that Mobil had not adequately justified the continued need for confidentiality, Judge Gasch ordered the documents and depositions released. The issue before a panel of this court was whether the trial judge had abused his discretion, under Rule 26(c), Fed.R.Civ.P., in deciding whether to maintain a protective order.

The *Seattle Times* case reached the appellate courts in a somewhat different posture. The relevant Washington rule, like the federal rule, permits a judge to impose

---

* Circuit Judge Tamm and Senior Circuit Judge MacKinnon would vote in favor of appellants' suggestion that rehearing be withdrawn and the panel opinion be reinstated. They therefore dissent from the Court's disposition of this matter.

a protective order on a showing of good cause. A Washington state trial judge exercised his discretion pursuant to this rule and imposed a protective order on materials received by a newspaper during discovery in a defamation and invasion of privacy action brought by a religious group. The newspaper had argued that a protective order would violate its First Amendment rights, but the trial judge imposed an order after plaintiffs submitted affidavits attesting to the likely adverse effects of disclosure of the discovered information. The Supreme Court of Washington affirmed the trial judge's decision.

The United States Supreme Court then affirmed the state court ruling. The Court opinion in *Seattle Times* rejected the holding in a prior case from this Circuit, *In re Halkin*, 598 F.2d 176 (D.C.Cir.1979), and held that the First Amendment does not require a court to apply especially close scrutiny in deciding whether to give parties to a civil litigation, including newspapers, a right to disseminate information gained through the pre-trial discovery process. Proper application of the good cause requirement in the state law equivalent of Rule 26(c) was found to be a sufficient safeguard for the press, and it appears clear from the Court's decision that there was absolutely no dispute over the existence of "good cause" to justify the protective order. The Supreme Court noted that:

> The Supreme Court of Washington found that dissemination of this information would "result in annoyance, embarrassment and even oppression." [Rhinehart v. Seattle Times Co., 98 Wash.2d 226] 654 P.2d [673] at 690 [1982]. It is sufficient for purposes of our decision that the highest court in the state found no abuse of discretion in the trial court's decision to issue a protective order persuant [sic] to a constitutional state law.

*Seattle Times,* —— U.S. at ——, 104 S.Ct. at 2209.

The District Court in the instant case relied on *In re Halkin*, and obviously was influenced by First Amendment concerns as a result. To this extent, at least, the trial court's decision is at odds with *Seattle Times*. However, *Seattle Times* does not dictate a result in this case unless we now determine whether there was good cause for a protective order under Rule 26(c). There can be no doubt that *Seattle Times* left that prerequisite to a protective order wholly intact. It would seem strange for an appellate court (much less an appellate court *en banc*) to decide the "good cause" question initially—especially when, as here, the District Court has had no opportunity to decide it free from erroneously imposed constitutional constraints. The most efficient course, and the course most respectful of the valid discretion of our District Judge, is to remand for reconsideration of the motion in light of *Seattle Times*.

We therefore remand this case to the District Court to reconsider justifications, if any, for maintenance of a protective order, in light of what the Supreme Court has said about *In re Halkin*, and in light of the good cause requirement of Rule 26(c).

We note, finally, that appellants have filed a suggestion that rehearing be withdrawn and the panel opinion be reinstated.[*] In response, we reiterate that nothing in *Seattle Times* compels the result reached by the panel opinion. The Supreme Court has in no respect suggested that Fourth Amendment privacy interests mandated the *Seattle Times* protective order, but only, at most, that the First Amendment religious privacy interests at issue there reasonably might have constituted good cause to issue the order. *See Seattle Times,* —— U.S. at ——, 104 S.Ct. at 2210 n. 24; *id.* at ——, 104 S.Ct. at 2210 (Brennan, J., concurring). In other words, in rejecting the asserted First Amendment interests in *Seattle Times*, the Court relied upon a *statutory* "good cause" requirement, noting that, "[a]s the rules authorizing discovery were adopted by the state legislature, the processes thereunder are a matter of legislative grace." —— U.S. at ——, 104 S.Ct. at

---

[*] The panel opinion is reported at 724 F.2d 1010 (D.C.Cir.1984). By order of this Court, dated March 15, 1984, the opinion and judgment of the panel were vacated.

2207. In a similar manner, in the instant case, the District Court, on remand, must exercise its discretion to determine whether there is "good cause" under Rule 26(c) for the continued maintenance of the protective order.

Scalia, Circuit Judge, concurred in part and dissented in part with opinion.