Donald WEIL, et al., Plaintiffs,

v.

Edward A. MARKOWITZ, et al., Defendants.

TMG ASSOCIATES CUSTODIAL COMMITTEE, Plaintiffs,

v.

MONETARY GROUP LIMITED, et al., Defendants.

Civ. A. Nos. 83–3685, 84–1680.

United States District Court, District of Columbia.

Oct. 30, 1985.

Allan I. Mendelsohn, Marvin L. Szymkowicz, Ward & Mendelsohn, P.C., Washington, D.C., for plaintiffs.

Charles S. Fax, Porter, Wright, Morris & Arthur, Washington, D.C., for defendant Edward A. Markowitz.

Joseph Semo, Seifman, Semo, Slevin & Marcus, Washington, D.C., for Donald Weil in his individual capacity as counterclaim defendant.

Theodore Sonde, Scott D. Andersen, Washington, D.C., for non-party deponent.

## MEMORANDUM OPINION AND ORDER

ARTHUR L. BURNETT, Sr., United States Magistrate.

Before the U.S. Magistrate is plaintiffs' motion to vacate or modify the November 15, 1984 and April 1, 1985 Protective Orders as to the disclosure of the name and identity of a non-party attorney witness in circumstances involving the invocation of the Fifth Amendment against self-incrimination. Arguments were heard on October 22, 1985 on plaintiffs' motion to vacate the protective orders, which was filed August 16, 1985. Before the Magistrate also is the non-party witness' motion to have a portion of the court transcript of August 14, 1985 sealed.

The Magistrate first queried counsel as to jurisdiction of the Magistrate to act in view of the notices of appeal filed by the defendant Edward A. Markowitz in both cases on September 27, 1985 and whether the matter here at issue is sufficiently collateral to the issues on appeal as to the Court's action in modifying and then approving a settlement agreement which had been arrived at by the parties and counsel and thereafter entering judgment on the settlement agreement as modified.

■ The Magistrate is satisfied that the issues involving the continuing of the protective order in effect as to disclosure of a non-party's identity is more than sufficiently collateral to the issues involved in the notice of appeal from the Order of the Court of declaratory judgment, money judgment and decree of equitable accounting entered August 30, 1985 by Judge Louis F. Oberdorfer of this court, to permit

the Magistrate to rule on it, notwithstanding the appeal. See *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); *Laffey v. Northwest Airlines*, 582 F.Supp. 280 (D.D.C.1982), *rev'd. in part on other grounds*, 740 F.2d 1071 (D.C.Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 939, 83 L.Ed.2d 951 (1985), both dealing with attorneys' fees applications. The Magistrate fully agrees with counsel for the plaintiff, that the protective orders here involved, dealing with dissemination of non-party discovery, is even more a matter wholly collateral to the final order of the Court of August 30, 1985 on the merits, which is the subject of the appeal. See *Tavoulareas v. Washington Post Co.*, 724 F.2d 1010 (D.C.Cir.1984) (judgment and opinion vacated upon granting petition for rehearing *en banc*), where the trial court entered an order on June 21, 1983 unsealing 3,800 pages of deposition transcripts and 425 accompanying exhibits which had been the subject of a pretrial protective order. The docket sheet in the district court indicates that a notice of appeal had been filed on June 1, 1983 from a Memorandum and Order which had vacated judgment in favor of plaintiff William P. Tavoulareas. The Court of Appeals opinion indicated no question concerning the trial court's jurisdiction to vacate the protective order which had been entered. Further, the Court's opinion sets forth a strong concern for protecting the privacy interests involved, the Court of Appeals panel reversing the district court's action, stating it found "constitutionally protected privacy interests in Mobil's commercial information not used at trial and no overriding reason to disclose this information." 724 F.2d at 1012. For a discussion of the constitutional right of nondisclosure of personal information, see 724 F.2d at 1019–21. Nor did the Court of Appeals manifest any concern about whether the trial Court had jurisdiction initially to vacate the protective order when it, *en banc*, *sua sponte*, remanded the case to District Court "for such further action as may be appropriate, including reconsideration of the justification, if any, for

maintenance of a protective order, in light of what the Supreme Court has stated in *Seattle Times Co. v. Rhinehart*, and in light of the good cause requirement of Rule 26(c). F.R.C.P." 737 F.2d 1170, 1171.

█ Even though the Magistrate has the jurisdiction to vacate the protective orders, the Magistrate is of the view that there are still privacy interests to be served under the rationale of *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), *In re Sealed Case*, 676 F.2d 793 (D.C.Cir.1982), and *In re John Doe Corp.*, 675 F.2d 482 (2d Cir.1982), and that the Protective Orders should not be vacated, but only modified. *See also, In re Sealed Case*, 737 F.2d 94 (D.C.Cir.1984). Special note is made of *In re Sealed Case*, 754 F.2d 395, 397–98 n. 2 (D.C.Cir.1985):

"Upon a motion by the attorneys, the district court ordered the record in this case to be sealed, and the parties to be referred to in every instance by the pseudonyms John Doe and James Roe. The district court based its decision on the need to safeguard the secrecy of this grand jury proceeding and to protect the attorneys against disclosures that might reflect adversely on their professional reputations. We see no reason to disturb the district court's order."

In modifying the Protective Orders, the Magistrate will allow counsel to communicate to the limited partners and any other potential plaintiffs the identity of the non-party lawyer. However, should a civil complaint be filed, the Magistrate hereby prohibits counsel from averring in said complaint that the non-party attorney took the Fifth Amendment in this case. Under the Magistrate's view of *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), the invocation of the Fifth Amendment by a party in a civil case, in which that individual is a party and not merely a witness, may be a matter of evidentiary significance, but it does not appear necessary to this Magistrate to so plead in a civil complaint at the time of filing. Indeed, in a subsequent civil case against the non-party witness in this case

in which that individual is then a named defendant, he might not take the Fifth Amendment in a pretrial discovery deposition or at trial, and thus the invocation of the Fifth Amendment in this case would have no evidentiary significance. Further, it would appear that under Rule 11, F.R. Civ.P., a plaintiff should have a more factual basis than mere invocation of the Fifth Amendment to justify the filing of a complaint. Cf. *National Acceptance Co. of America v. Bathalter*, 705 F.2d 924, 929–32 (7th Cir.1983). Failure to have adequate factual grounds for the filing of a complaint indeed can lead to sanctions under Rule 11, F.R.Civ.P. Counsel should not be allowed to file a complaint first and thereafter endeavor to develop a cause of action. *See, Edwards v. Gordon & Co.*, 94 F.R.D. 584, 586 & n. 2 (D.D.C.1982). Should it become necessary at some future date to disclose the non-party attorney's identity on the public record with reference to invocation of the Fifth Amendment, that is a matter best left to the judgment of the judge presiding over any future civil case which may be filed against that individual. This solicitude for the privacy of the individual is not accorded just because the individual is an attorney. This Magistrate is of the view that the principle here enunciated should have equal applicability to doctors, accountants, bankers and to all persons regardless of profession or status in life.

Based on the foregoing, it is now hereby this 30th day of October, 1985,

ORDERED:

1. That the Protective Orders of November 15, 1984 and April 1, 1985 are hereby modified to allow counsel to disclose the identity of the non-party witness to the limited partners or any other person who may have sufficient interest to be a plaintiff against the non-party deponent as a defendant in any civil cause of action not barred by the statute of limitations in the jurisdiction where such cause of action may be hereafter brought.

2. That the Protective Orders of November 15, 1984 and April 1, 1985 are hereby modified to allow any other court in an independent and separate civil cause of action to permit disclosure in a civil case before that court in the exercise of its judicial discretion as it may determine appropriate.

3. With respect to the non-party witness' motion to have a portion of the Court transcript of August 14, 1985 sealed in which the witness is referred to by name, that motion is hereby GRANTED, *nunc pro tunc* to August 14, 1985.

### ORDER

In connection with plaintiffs' motion to vacate protective order as to identity of a non-party witness, it is now hereby this 29th day of October, 1985,

ORDERED that all memoranda and points and authorities relevant to this issue be filed and maintained under seal in this case pending further order of the Magistrate or the Court in the matter.