**JOHN DOES I–VI and Jane Doe, Plaintiffs,**

**v.**

**Maharishi Mahesh YOGI, World Plan Executive Council-United States, and Maharishi International University, Defendants.**

**Civ. A. Nos. 85–2848 to 85–2854.**

United States District Court, District of Columbia.

June 18, 1986.

Gerald F. Ragland, Jr., Fairfax, Va., for plaintiffs.

John Ridge, Rockville, Md., Dwight James, Des Moines, Iowa, pro hac vice, for defendants.

## MEMORANDUM

GASCH, Senior District Judge.

Seven plaintiffs in this suit allege they were defrauded by defendants Maharishi Mahesh Yogi ("Yogi"), World Plan Executive Council ("WPEC"), a nonprofit corporation that conducts business for the Yogi in the United States, and the Maharishi International University in Fairfield, Iowa ("MIU"), which provides courses of instruction in meditation and self-realization techniques developed by the Yogi. Defendants provide instruction in techniques called "transcendental meditation" ("TM") and "TM–Sidhis", a course that purportedly teaches, among other things, self-levitation. Plaintiffs allege they were induced by fraudulent misrepresentation to spend thousands of dollars and many years of their lives on defendants' programs.

On April 29, 1986, defendants WPEC and MIU asked the Court to enter a blanket protective order under Federal Rule of Civil Procedure 26(c) that would result in the filing of virtually all discovery materials under seal. Defendants' proposed order would permit any party to designate any item "confidential"; would severely restrict access to such designated items by nonparties and even, in some circumstances by parties; would require those who did have access to such items to sign a pledge of secrecy; and would require five days' notice and *in camera* review prior to introduction of any such designated materials at trial. The order would cover written, recorded, or graphic material, interrogatory answers, admissions, deposition transcripts, exhibits, pleadings, motions, and affidavits. Briefs that quote, summarize or contain materials designated confidential would be sealed as well. The proposed order would prevent an individual plaintiff from seeing any confidential documents concerning defendants that the plaintiff had not seen prior to litigation. The order would also extend confidentiality to documents already in plaintiffs' possession prior to litigation. Only upon challenge from the other side would a party have to show good cause for maintaining the seal.

This far-reaching protection is said to be necessary because several plaintiffs are allegedly members of the International Society of Divine Love ("ISDL"). The spiritual leader of ISDL, Swami Prakshanand Saraswati ("Swami"), is said to be a competitor of the Yogi's in the meditation business. Because plaintiffs are devoted followers of the Swami, defendants assert, they cannot be trusted not to convey valuable information obtained through discovery to officials of ISDL. Defendants base this conclusion on the affidavit of Francis Milles, who claims to have personal knowledge of several plaintiffs and swears that they have told him of their devotion to the Swami.

Plaintiffs do not agree that there is a need for a broad protective order, and challenge the credibility of Mr. Milles. It was revealed at oral argument on a related matter that the affiant is a member of defendants' organization, a fact not mentioned in his affidavit. At least one of the plaintiffs, Jane Doe, has by way of responding affidavit challenged Mr. Milles' assertion of personal knowledge concerning her ties to ISDL. Nonetheless, in the interest of avoiding time-consuming discovery disputes, plaintiffs stated at oral argument that they would consider a narrower protective order, and at the Court's request, submitted a proposal of their own.

At that hearing, the Court indicated a blanket protective order might serve the interests of judicial economy. However, events since that date have proven the Court wrong.[1] Furthermore, a review of the Court's own experience with a similar order in the case of *Tavoulareas v. The Washington Post Co.*, 93 F.R.D. 24 (D.D.C. 1981), and other courts' experiences with blanket protective orders, reveals that such orders often create more problems than they solve. Blanket orders only postpone, rather than prevent, the need for the Court to closely scrutinize discovery materials to see if the seal is justified. *See, e.g., Tavoulareas v. Washington Post Co.*, 737 F.2d 1170 (D.C.Cir.1984); *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F.Supp. 866 (D.Pa.1981). The Court has reconsidered its original inclination to issue such an order, and, with exceptions for three specific categories of information, has determined broad protection is not necessary in this case.

The Federal Rules of Civil Procedure create a statutory presumption in favor of open discovery, extending even to those materials not used at trial. *Tavoulareas v. Washington Post Co.*, 724 F.2d 1010, 1015 & n. 10 (D.C.Cir.1984) *vacated on other grounds*, 737 F.2d 1170, and cases cited therein; *Wilk v. American Medical Association*, 635 F.2d 1295, 1299 (7th Cir.1980). Rule 26(b) permits far-ranging discovery; Rule 26(c) tempers that reach by permitting the Court to issue protective orders "for good cause shown ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c)(7) authorizes the Court to order that "a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only a designated way." The need for a protective order is left to the discretion of the trial court in light of the relevant facts and circumstances of a particular case. *Nixon v. Warner Communications*, 435 U.S. 589, 599, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978).

In deciding whether to protect proprietary business information under 26(c), courts in this jurisdiction have looked to the definition of trade secrets provided in the Restatement of Torts, § 757, comment b (1939), *viz:*

> A trade secret may consist of any formula, pattern, device, or compilation of information used in one's business, and which give him an opportunity to obtain an advantage over competitors, who do not know or use it.

*See Peckarsky v. American Broadcasting Co.*, 603 F.Supp. 688, 697 (D.D.C.1984); *Ashland Oil Inc. v. FTC*, 409 F.Supp. 297, 303 (D.D.C.), *aff'd*, 548 F.2d 977 (D.C.Cir. 1976). Defendants argue their TM and TM–Sidhis programs "comprise a unique and valuable body of knowledge relating to the study and development of human consciousness", Defendants' Supplemental Memorandum, p. 2, and that documents, video and audio tapes related to these programs have been maintained in strict confidence. Income earned from tuition charged for these courses is the mainstay of defendants' financial support; thus, these programs constitute trade secrets, according to defendants.

> To establish good cause under Rule 26(c) the courts have generally required a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.... With respect to the claim of confidential business information, this standard demands that the company prove that disclosure will result in a 'clearly defined and very serious injury to its business.'

*United States v. Exxon Corp.*, 94 F.R.D. 250, 251 (D.D.C.1981), *citing United States v. IBM Corp.*, 67 F.R.D. 40, 46 (S.D.N.Y. 1975).

---

**1.** Within five weeks of the hearing, defendants filed three additional motions to limit access to defendants' alleged trade secrets and proprietary information, involving essentially the same issues as raised in this motion. These included a motion for temporary restraining order, which was denied. These motions have only delayed and distracted the Court from acting on the overriding issue of a protective order.

■ The Court finds defendants have failed to demonstrate with specificity the existence of proprietary information. A compilation of information must be more narrowly identified than "a unique body of knowledge." The Court would not know how to draw a protective order that limits access to a "body" "of knowledge."

■ To the extent that discovery reveals specific written, visual or audio materials compiled by defendants and not sufficiently protected by copyright or trademark law, the Court will entertain requests for limited protective orders at the time the material is sought. Defendants are cautioned; however, not to abuse Rule 26(c) and to be mindful that a "compilation of facts, the overwhelming majority of which consisted of publicly available information, cannot be reasonably characterized as a 'formula, pattern, device or compilation of information' regularly used" in defendants' business. *Peckarsky, supra,* 603 F.Supp. at 697. The Court will not protect information that is "not novel and probably already known, or could be reconstructed, by those familiar with the field." *Rodgers v. United States Steel Corp.,* 536 F.2d 1001, 1008 (3d Cir.1976).

■ There are, however, three categories of information already identified by defendants with specificity sufficient to warrant limited protection. The first consists of video and audio tapes used by defendants WPEC and MIU to train instructors. Defendants contend these tapes are obtained from unidentified organizations that loaned them on the promise that they be kept confidential. However, defendants did not identify these organizations, and declined to challenge an assertion at oral argument that the lending organizations were in fact other corporations run by the Yogi. This casts doubt on the credibility of defendants' assertions concerning the need for confidentiality. Nonetheless, the Court recognizes defendants do have an interest in the physical integrity of the tapes, and therefore will issue an order to protect the tapes from mishandling or physical injury.

■ Limited protection will also be granted to the identities of nonparties who participate in defendants' programs. The Federal Rules permit wide-ranging discovery that may unnecessarily reveal private information about nonparties. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34–35, 104 S.Ct. 2199, 2208–09, 81 L.Ed.2d 17 (1984). Since discovery is had for the purposes of preparing for trial, a court may issue an order to protect potentially embarrassing information about third parties from being released before it is deemed necessary for use at trial. *Id.* Therefore, the Court in this case will act to protect the names of individuals or corporate clients not party to this suit, and not known by plaintiffs prior to litigation, who participate in defendants' programs.

■ Finally, the Court will extend limited protection to discovery concerning defendants' financial status. This discovery is relevant, but should not be revealed until necessary to prove up punitive damages.

■ Even in connection with these three items, however, the Court will not issue any order that would interfere with plaintiffs' ability to communicate with counsel, experts, or each other in preparation for trial. *Doe v. District of Columbia,* 697 F.2d 1115, 1119 (D.C.Cir.1983). An order limiting consultation would be in neither the plaintiffs' nor the public's interest. *Id.* The only basis for limiting plaintiffs' access to discovery materials here is defendants' allegation, based on the Milles affidavit, that plaintiffs will reveal this information to the Swami. Upon reading the Milles affidavit and the responding affidavits submitted by plaintiffs, the Court finds such a conclusion unwarranted, and certainly not proved with certainty sufficient to interfere with plaintiffs' very important right to confer with their attorneys and each other.

■ Furthermore, the Court has seen nothing yet to justify placing under seal pleadings, briefs, motions or exhibits used as evidence at trial. There is a common law right of access to trial records, *Nixon,*

*supra,* 435 U.S. at 597, 98 S.Ct. at 1311. "Access to records serves the important functions of ensuring the integrity of judicial proceedings in particular and the law enforcement process more generally." *United States v. Hubbard,* 650 F.2d 293, 316 (D.C.Cir.1980). *See Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1177–78 (6th Cir.1983). A protective order may be justified as to pretrial materials where it would not be justified as to materials placed on the record at trial or in connection with substantive motions. *See Seattle Times, supra,* 467 U.S. at 33, 104 S.Ct. at 2207; *Hubbard, supra,* 650 F.2d at 316. This is because discovery under 26(b)(1) may reach information not necessary or relevant to resolution of the dispute. Once an item is relevant to resolving an issue before the Court, the public's interest in the integrity of the system comes into play. The Court finds defendants have failed to demonstrate a need to override the important presumption in favor of open trial records. *Cf. United States v. Hickey,* 767 F.2d 705, 708 (10th Cir.1985), *cert. denied sub nom., Hopkinson v. United States,* —— U.S. ——, 106 S.Ct. 576, 88 L.Ed.2d 559 (1986). Furthermore, defendants' proposal for five days' notice and *in camera* inspection of exhibits would be unduly burdensome and perhaps prejudicial, *see Stamicarbon, N.V. v. American Cyanamid Co.,* 506 F.2d 532, 537 (2d Cir.1974), and would not be in accord with the Court's duty under Fed. R. Civ. P. 1 to construe the Rules to secure the "just, speedy, and inexpensive determination of every action." *Wilk, supra,* 635 F.2d at 1299.

The Court will not, and indeed could not, issue a protective order under 26(c) barring plaintiffs from discussing matters or revealing information known to them via sources other than discovery. *Seattle Times, supra,* 467 U.S. at 37, 104 S.Ct. at 2209. The Court's 26(c) powers are premised on the theory that 26(b) grants the Court far-reaching authority to compel discovery. *Id.* at 34, 104 S.Ct. at 2208. Therefore, an order under 26(c) may reach only that material obtained through discovery, and not information known prior to litigation.[2]

In sum, this is not complicated, multi-party litigation such as *Zenith, supra,* 529 F.Supp. 866, that requires a departure from usual Rule 26(c) procedures. "While it is obvious that this Court has the power to protect a party from harassment, it is better not to straight-jacket the discovery procedure in advance on the basis of speculative assumptions." *Neonex Internatl. Ltd. v. Norris Grain Co.,* 338 F.Supp. 845, 854 (S.D.N.Y.1972). Defendants have not proved to the Court with sufficient specificity that the materials sought contain proprietary information such as to justify a blanket seal of discovery material or exhibits on the trial record.[3]

## ORDER

Upon consideration of defendants' motion for a blanket protective order, plaintiffs' response thereto, oral argument in open Court, and evidentiary material submitted by the parties, it is by the Court, pursuant to its authority under Fed. R. Civ. P. 26(c), and for the reasons stated in the

2. The issue of protecting information known to plaintiffs prior to litigation is properly resolved by defendants' pending motion for a preliminary injunction to enforce an alleged confidentiality agreement.

3. The Court's order issued herewith moots defendants' pending motion to place all discovery under seal until the Court acts on their motion for a protective order. Furthermore, the Court has reviewed plaintiffs' answers to interrogatories and could find nothing in them that comes close to revealing proprietary information. Defendants point in particular to the answer by

John Doe I to interrogatory 9, in which he details the assertions of defendants that he believes were fraudulent. These answers go to the heart of the case; they are allegedly statements made to would-be students to induce them to participate in defendants' programs. They are "sales pitches", not trade secrets. The Court does not doubt that defendants sincerely wish that this information not become public; however, "[s]imply showing that information would harm the company's reputation is not sufficient" to justify a seal of the record. *Brown & Williamson, supra,* 710 F.2d at 1179.

accompanying memorandum, this 17th day of June, 1986,

ORDERED that defendants' motion to place all discovery materials under seal pending issuance of this order be, and hereby is, denied as moot; and it is further

ORDERED that the following protective provisions be, and hereby are, imposed upon any pretrial discovery conducted by a party to this action, whether the discovery is directed to a party, to any officers or directors of a party, or to nonparties:

1. With respect to audio and videotapes in defendants' possession and used by defendants in their various instructional programs, those tapes shall be produced at the library of defendant Maharishi International University in Fairfield, Iowa, or at the College of Natural Law in Washington, D.C., whichever is more convenient for the party seeking the discovery, for viewing and listening by counsel for the parties in this action, associates, secretaries, paralegal assistants, experts, consultants, and the parties. Copying of the tapes in the course of pretrial discovery shall be prohibited. The viewers may, however, take notes. If plaintiffs' counsel requests the tapes be introduced as evidence at trial and the Court finds they are relevant and otherwise satisfy the requirements of the Federal Rules of Evidence, nothing in this order shall prevent the tapes from being played at trial under the guidance of defendants' representatives, so as to prevent physical harm to the tapes.

2. Any document containing the identities of nonparties, whether individuals or corporations, not known to plaintiffs otherwise than through discovery, and who have participated in defendants' programs, shall be filed bearing the legend: CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER IN CIVIL ACTION NO. 85–2848, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, to signify that it is subject to this protective order. Where confidential identities may be contained in a limited portion of a document, the parties are urged to organize the material so as to permit all but that limited portion to be filed upon the open record.

3. Any document containing information concerning a party's financial status, including but not limited to a party's net worth, identity of assets, and annual income, but not including the amounts charged as fees to participants in defendants' programs, shall likewise be filed bearing the legend described in paragraph 2. The parties are again urged to organize this information in such a manner as to minimize the need for filing material under seal. This paragraph shall not apply to information obtained by a party other than by discovery.

4. For the purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, by subpoena, by agreement, or otherwise, and shall include interrogatory answers, responses to requests for admission, deposition transcripts, affidavits, and pretrial exhibits. It shall not include motions, briefs, pleadings and exhibits thereto (except when said motion, brief or pleading concerns the need for confidentiality of a document), or trial exhibits or transcripts, except upon further motion to the Court.

5. Notwithstanding paragraphs 2, 3, and 4, documents designated confidential may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Subject to the provisions of paragraph 6, such documents may also be disclosed to counsel actively involved in conduct of the litigation; and

(a) to parties;

(b) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

(c) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions.

6. Each person listed in paragraph 5(a-c) to whom documents designated confidential are made available shall, under oath or attestation, agree in writing to the following attestation, a copy of which shall forthwith be furnished to opposing counsel:

I hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of a Protective Order entered June 17th, 1986, in *John Doe I–VI v. Maharishi Mahesh Yogi, World Plan Executive Council—United States and Maharishi International University,* Civil Action Nos. 85–2848—85–2854 (consolidated for discovery), in the United States District Court for the District of Columbia; that I have been given a copy of and have read that Protective Order and have had its meaning and effect explained to me by the attorney(s) who provided the Order; and that I hereby agree to be bound by it and its terms. I further agree that I shall not disclose to others, except in accordance with that Protective Order, such information or documents, including notes or other memoranda or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they were produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of that legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court, for such a failure.

7. All persons to whom any designated confidential information or document is disclosed or given shall maintain the confidentiality of that information or document, and any information contained in such document, subject to the terms of this Protective Order. Provided, however, that this Order is limited to information and documents obtained exclusively through the discovery process in this case.

8. No summary or copy of any designated confidential document shall be made by any person, other than at the express direction of the attorney to whom disclosure was first made. Any such summary or copy shall be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy is made.

9. Counsel shall ensure that all confidential materials, information, and documents covered by this Protective Order, together with any authorized summaries or copies, are returned to opposing counsel following the termination of all of these actions, except upon further order of the Court.

10. Maintenance of the confidential status of any information, document, or material shall in all cases be subject to further order of the Court and nothing in this Protective Order shall preclude any party from applying to the Court for modification or the terms of this Order as may be appropriate, or for further protection as may be justified, provided, however, that prior to any application the parties shall confer and make a good faith effort to resolve the matter by agreement.

11. The use of any information, documents, or material encompassed within and protected by the terms of this Protective Order shall be restricted to these proceedings and shall not be used by the parties or any other person for business or commercial purposes, provided, however, that this Protective Order shall apply only to information, documents, or material produced pursuant to discovery conducted in these civil actions. This Protective Order, therefore, shall not apply to information, documents, or material that are obtained by any party, attorney, expert or witness through channels or means other than through discovery conducted in this civil action even if the same information, documents or material are the subject of discovery in this action.

N.O., M.T., J.O., E.I., D.V., J.D., E.H.