**Cara Leslie ALEXANDER, et al., Plaintiffs,**

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

Nos. Civ. 96–2123 RCL, Civ. 97–1288 RCL.

United States District Court, District of Columbia.

July 27, 1998.

Larry Elliot Klayman, Judicial Watch, Inc., Washington, DC, for plaintiff.

James Jordan Gilligan, Elizabeth Jane Shapiro, Julia Fayngold, U.S. Department of Justice, Washington, DC, for defendant FBI and Executive Office of the President.

David Evan Kendall, Nicole Kay Seligman, Paul Benedict Gaffney, Williams & Connolly, Washington, DC, for defendant Hillary Rodham Clinton.

James Franklin Fitzpatrick, Michael R. Geske, Arnold & Porter, Washington, DC, Peter Z. Zimroth, Arnold & Porter, New York City, for defendant Bernard W. Nussbaum.

Randall James Turk, David S. Cohen, Miller, Cassidy, Larroca & Lewin, L.L.P., Washington, DC, for defendant Craig Livingstone.

Robert Weinberg, Bredhoff & Kaiser, P.L.L.C., Washington, D.C., Robert Muze, Stein, Mitchell & Mezines, Washington, D.C., for defendant Anthony Marceca.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the court on plaintiffs' Motion to Further Modify February 13, 1998 Protective Order. Upon consideration of the submissions of the parties and the relevant law, plaintiffs' motion is denied.

### I. *Background*

As stated in several opinions by this court, the underlying allegations in this case arise from what has become popularly known as "Filegate." According to their complaint, plaintiffs allege that their privacy interests were violated when the Federal Bureau of Investigation ("FBI") improperly handed over to the White House hundreds of FBI files of former political appointees and government employees under the Reagan and Bush Administrations.

On February 13, 1998, this court issued a protective order pertaining to the disclosure of certain discovery materials in this case. The protective order prohibits, in part, defendants and their representatives, including counsel, from disclosing any materials covered by the protective order to other parties or from using this information for purposes unrelated to this case. Plaintiffs sought to modify this protective order to prohibit defendants from having access to certain medical information and requested that the protective order limit dissemination strictly to counsel for defendants. On June 15, 1998, this court issued a memorandum and order granting plaintiffs' motion to modify the protective order by prohibiting disclosure of information marked as "attorneys' eyes only"

or in some similar fashion to defendants in this case. *Alexander v. FBI*, C.A. No. 96–2123, Mem. and Order at 8 (D.D.C. June 15, 1998). Presently before the court is plaintiffs' second motion to modify the February 13, 1998 protective order.

### II. *Analysis*

 Rule 26(c) of the Federal Rules of Civil Procedure permits the court to issue protective orders to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R.Civ.P. 26(c). Whether to lift or modify a protective order is a decision committed to the sound discretion of the trial court. *See United States v. Rezaq*, 899 F.Supp. 697, 707 n. 11 (D.D.C.1995) ("It is well established that a district court may modify the terms of a protective order it has entered subject to the court's informed discretion."). Once the court has entered a protective order, it may be modified upon a showing of good cause. *Independent Petrochemical Corp. v. Aetna Casualty and Surety Co.*, 1988 WL 23257, *4 (D.D.C. March 2, 1988) ("The granting and maintenance of a protective order under rule 26(c) of the federal rules of civil procedure ... must be supported by 'good cause.'") (citing *Tavoulareas v. Washington Post Co.*, 737 F.2d 1170, 1173 (D.C.Cir.1984)).

In their motion to modify the February 13, 1998 protective order, plaintiffs state that defendants through discovery seek the names of non-party witnesses identified by plaintiffs as having relevant information concerning plaintiffs' claims. Plaintiffs also seek to limit defendants' access to the FBI's background investigation summary files relating to plaintiffs. Plaintiffs contend that good cause for the modification of the protective order exists due to their concern that defendants will use this information in a manner designed to "harm" plaintiffs and their non-party witnesses. For this reason, plaintiffs request that the court further modify the protective order to prohibit the dissemination of this information to defendants. In sum, plaintiffs argue that the rationale supporting the inclusion of the "attorneys' eyes only" provision as to their medical records and other related materials should apply equally

to the FBI's background investigative summary files relating to plaintiffs and to the names of non-party witnesses identified by plaintiffs. For this reason, plaintiffs assert that the "attorneys' eyes only" provision should extend to this information as well.

### A. Plaintiffs' Request to Prohibit Access to the FBI's Background Investigative Summary Files Relating to Plaintiffs

Plaintiffs' request to prohibit disclosure to defendants of the FBI's background investigative summary files relating to plaintiffs fails to comply with the prerequisites to making such a request. The government defendants claim that plaintiffs failed to comply with the meet-and-confer requirement of Local Rule 108(m) and with this court's April 13, 1998 order prior to filing their motion. Plaintiffs do not dispute this claim. Because it is apparent that plaintiffs failed to comply with Local Rule 108(m), this portion of their motion must be denied without prejudice to renewal after compliance with Local Rule 108(m).

The court must also note in passing that although the concerns evoked by plaintiffs with respect to these reports are somewhat more akin to those raised with respect to their medical and psychological reports, the government defendants' position that there are no legal grounds to bar the FBI from access to its own documents is persuasive. Notwithstanding plaintiffs' somewhat confusing description of the facts necessitating this motion and the ultimate relief sought, it appears that plaintiffs are requesting, in essence, that this court issue an order divesting the government of custody of its own files. A motion to modify an existing protective order is simply not the vehicle to be used to achieve this result. The government defendants correctly point out that protective orders ordinarily restrict the use of information by the discovering, not the producing party in the litigation. Plaintiffs are in effect suggesting that this court should enjoin the government defendants from having access to

their own files. Any restriction on the FBI's use of its own materials would appear unwarranted given the fact that the FBI is the entity that legitimately created and produced the reports. Plaintiffs have made no showing that the FBI should be precluded from using its own documents in any otherwise proper manner.[1]

### B. Plaintiffs Request to Limit Access to the Identity of Third-Party Witnesses

With respect to plaintiffs' request to limit defendants' access to the identity of third-party witnesses, the court must balance the reasons asserted by plaintiffs in support of this modification of the protective order with the interests of defendants in having access to the information at issue. The government defendants contend that they will be prejudiced by the denial of their right to review relevant discovery information and to effectively consult with counsel to defend against plaintiffs' allegations. Specifically, the government defendants assert that they are "entitled to have access to information concerning witnesses with relevant information about plaintiffs' claims ... in order to consult meaningfully with their counsel and actively participate in the development of litigation strategy." Opp. to Pls.' Mot. to Modify Protective Order at 7. Moreover, the government defendants state that the terms of the February 13, 1998 protective order adequately protect both plaintiffs' and any third-party's interests. *Id.* at 12–13. By its terms, the February 13, 1998 protective order "pertains to documents or information in the plaintiffs' or federal defendants' possession, custody or control concerning personal information about an individual that is marked 'Subject to Protective Order,' or given some comparable marking, by the producing party." Protective Order of Feb. 13, 1998, ¶ 1. The protective order provides that neither plaintiffs nor the government defendants are permitted to disclose any information covered in paragraph one of the order to any person or entity for any reason other than

---

1. In plaintiffs' Supplement to Motion to Further Modify February 13, 1998 Protective Order, plaintiffs state that "[o]n July 6, 1998, Defendant [Hillary Rodham] Clinton offered to stipulate to an "Attorneys' Eyes Only" provision for the FBI background reports." Pls.' Supp. to Mot. to Further Modify Protective Order at 2. This Memorandum and Order shall have no effect on plaintiffs' and defendant Clinton's ability to agree to any stipulation on this issue.

for purposes of litigating this case. *Id.* ¶¶ 2–3.

In making the determination whether a party should be precluded from receiving discovery materials from counsel, the Court of Appeals for the District of Columbia Circuit has stated that:

> The court must ... evaluate such a restriction [on disclosure of information by counsel to a client] on three criteria: the harm posed by [disclosure] must be substantial and serious; the restraining order must be narrowly drawn and precise; and there must be no alternative means of protecting the public interest which intrudes less directly on [attorney-client relations].

*Doe v. District of Columbia,* 697 F.2d 1115, 1120 (D.C.Cir.1983) (quoting *In re Halkin,* 598 F.2d 176, 191 (D.C.Cir.1979)).

The court considers plaintiffs' request to preclude disclosure of the identity of third-party witnesses to be clearly distinct from plaintiffs' previous request to prohibit the disclosure of medical, psychological, and other related materials. The facts as presented by plaintiffs fail to satisfy the criteria identified by the Court of Appeals in Doe necessary to justify the modification plaintiffs seek. Plaintiffs have failed to demonstrate that defendants will violate the existing protective order and either attempt to obtain or misuse any private or privileged information pertaining to these unnamed individuals. Furthermore, there has been no showing that the terms of the February 13, 1998 protective order will not sufficiently protect the interests of these individuals. Defendants would indeed be prejudiced if they were not able to consult with counsel regarding the many issues that could potentially arise concerning possible witnesses plaintiffs may present in this case. *See Doe,* 697 F.2d at 1119–20 ("[E]very litigant has a powerful interest in being able to retain and consult freely with an attorney ... [It is] the right of every litigant to participate in the process whereby justice is done—to understand and become involved in the proceeding, not to be compelled to passively await its outcome."). For these reasons, plaintiffs' request must be denied.

## C. *The Government Defendants' Request for Clarification*

In one final matter, the government defendants request that this court provide a clarification of the Memorandum and Order of June 15, 1998 regarding whether materials designated as "attorneys' eyes only" may be disclosed to in-house counsel for the FBI and EOP. In response to this request, the court simply notes that the prior modification of the protective order was not intended to, and did not, preclude the disclosure of any such materials to in-house counsel.

## III. *Conclusion*

For the reasons stated herein, the portion of plaintiffs' motion seeking to modify the February 13, 1998 protective order to limit access to the FBI's background investigative summary reports relating to plaintiffs is DENIED without prejudice. All other portions of plaintiffs' Motion to Further Modify February 13, 1998 Protective Order are DENIED.

SO ORDERED.