GEORGE W. PRESCOTT PUBLISHING COMPANY *vs.* REGISTER of PROBATE FOR NORFOLK COUNTY & others.[1]

Norfolk. March 7, 1985. — June 26, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, & NOLAN, JJ.

*Practice, Civil,* Public trial, Impoundment order, Discovery. *Divorce and Separation,* Discovery, Impoundment order. *Public Record. Privacy. Public Employment,* Unethical conduct. *Constitutional Law,* Impoundment order.

On appeal by a newspaper publisher from a judgment allowing the continued impoundment of certain materials related to a divorce proceeding against the treasurer of Norfolk County, who was alleged to have misused public funds, this court, concluding that the impoundment could be justified only on a showing of overriding necessity based on specific findings by the judge, vacated the impoundment and remanded the case for the judge to consider the matter anew in light of (a) the limited nature of the treasurer's privacy interests where the materials at issue are relevant to allegations of his misconduct in office; (b) whether third parties referred to in the materials are also public officials, whose privacy interests are similarly limited; and (c) the public's legitimate interest in full disclosure of information relevant to official wrongdoing. [277-283]

A newspaper publisher was constitutionally entitled to maintain an action challenging the routine impoundment of the parties' financial statements filed in connection with a divorce proceeding against a public official who was alleged to have misused public funds. [280-282]

CIVIL ACTION commenced in the Norfolk Division of the Probate and Family Court Department on December 27, 1984.

The case was heard by *David H. Kopelman,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

---

[1] James M. Collins and Anne M. Collins.

We acknowledge the amicus briefs filed by the plaintiffs in impounded Hampshire Superior Court No. 85-27, and by H.S. Gere & Sons, Inc., publishers of The Daily Hampshire Gazette.

*James C. Heigham* for the plaintiff.

*William L. Pardee,* Assistant Attorney General, for the Register of Probate for Norfolk County.

*Richard M. Howland,* for the plaintiffs in an impounded case, amici curiae, submitted a brief.

*William H. Welch,* for H. S. Gere & Sons, Inc., amicus curiae, submitted a brief.

HENNESSEY, C.J.   This is an appeal from a judgment of the Probate and Family Court, impounding certain materials related to the divorce proceedings between Anne M. Collins and James M. Collins. Mr. Collins is the treasurer of Norfolk County and the chairman of the Norfolk County retirement board. The judge impounded portions of the deposition of Treasurer Collins, the notice of deposition of a third party, and the financial statements required by Rule 401 of the Supplemental Rules of the Probate Court (1985) (rule 401). We conclude that the judgment ordering impoundment must be reversed and the case remanded to the judge of the Probate and Family Court for reconsideration.

In March, 1982, Anne M. Collins sued her husband, Treasurer James M. Collins, for divorce. Substantial discovery was conducted, including a deposition of Treasurer Collins. His refusal to answer certain questions at the deposition occasioned a motion to compel him to do so, which was filed with the court along with the relevant pages of the deposition transcript. Both Anne Collins and Treasurer Collins also submitted the financial statements required by rule 401. A motion to impound the records in the case was subsequently filed,[2] and, on August 1, 1984, this motion was allowed. Prior to the trial, the parties apparently reached a final agreement regarding the division of the marital assets, support, and other financial matters.

On December 27, 1984, the George W. Prescott Publishing Company, publisher of The Patriot Ledger, a daily newspaper, filed a complaint against the register of probate, and Anne and

---

[2] It is unclear from the record whether Treasurer Collins or Mrs. Collins filed the motion to impound the records.

James Collins, seeking relief from the impoundment order.[3] The complaint alleged that Treasurer Collins was under investigation by both the State Ethics Commission and the State Public Employee Retirement Administration, and that his misconduct in office had been the subject of numerous articles in The Patriot Ledger. The allegations of Collins's misconduct involved, among other things, the placement of certain relatives on the county payroll, and his management of the county's financial affairs.

In order to "continue and expand" its coverage of Treasurer Collins, the plaintiff sought access to those documents filed and later impounded during the course of the divorce proceedings. On December 27, 1984, the same day on which the complaint was filed, a judge of the Probate Court issued an interim ruling, which essentially affirmed the impoundment order, except for "the financial aspects" of any separation agreement already entered into by the parties to the divorce. The judge ruled that his order would be effective until January 7, 1985, the date for which he scheduled a hearing on whether the impoundment should be revoked. Notice of the hearing was provided to both Anne and James Collins, as well as to the register of probate.

On the day after the hearing, which was before a different judge of the Probate and Family Court, that judge issued his decision vacating the impoundment order, with a few exceptions. Specifically, the judge ordered the continued impoundment of certain excerpts from the deposition of James Collins, which had been previously filed with the court as an attachment to a motion to compel. The judge also ordered the continued impoundment of the parties' financial statements, on the ground that rule 401 explicitly requires that such papers "shall be impounded or kept separate from other papers in the case and shall not be available for public inspection." Finally, the judge

---

[3] In *Ottaway Newspapers, Inc.* v. *Appeals Court,* 372 Mass. 539, 551 (1977), we held that "a stranger seeking relief against an impoundment order may bring a civil action in the court which issued it, joining the clerk of that court in his official capacity and the parties to the action or at least any who obtained or may defend the order."

refused to allow the release of a notice of deposition of a third party who was identified and discussed in the impounded excerpts from Treasurer Collins's deposition. The plaintiff appealed to the Appeals Court from the judgment allowing the continued impoundment of these documents, and we then transferred the case to this court on our own motion.[4]

1. *Deposition Excerpts.*

Rule 26 (c) of the Massachusetts Rules of Domestic Relations Procedure (1985) affords the trial judge considerable discretion in regulating the course of discovery. *Wansong* v. *Wansong, ante* 154, 156-157 (1985). That rule provides that *"for good cause shown,* the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" (emphasis added). Though the rule does not explicitly refer to impoundment, courts in other jurisdictions have interpreted cognate rules as authorizing impoundment in appropriate circumstances. See, e.g., *Tavoulareas* v. *Washington Post Co.,* 737 F.2d 1170, 1171-1172 (D.C. Cir. 1984); *In re San Juan Star Co.,* 662 F.2d 108, 114 (1st Cir. 1981); *In re Korean Airlines Disaster of Sept. 1, 1983,* 597 F. Supp. 621 (D.D.C. 1984). Moreover, the United States Supreme Court has recently held that the impoundment of material obtained in the course of pretrial civil discovery, if supported by "a showing of good cause," does not violate the First Amendment. *Seattle Times Co.* v. *Rhinehart,* 467 U.S. 20, 36-37 (1984). These cases are consistent with our long-standing view that a court has inherent equitable power "to impound its files in a case and to deny public inspection of them . . . when justice so requires." *Sanford* v. *Boston Herald-Traveler Corp.,* 318 Mass. 156, 158 (1945).

The judge below evidently found "good cause" for impounding excerpts from the deposition of Treasurer Collins, on the ground that their release would "cause harm to the reputations of third parties not named in the lawsuit and not represented by

---

[4] Treasurer Collins also filed a notice of appeal, but neither he, nor Anne Collins, has appeared before this court to challenge the judge's order.

counsel," and would "result in an injustice" to Treasurer Collins himself. We conclude that the judge did not consider all the factors which are relevant to a determination of good cause, and thus we remand the case for reconsideration in light of the standard set forth below.

In determining the existence of "good cause" for impoundment, the trial judge is required to balance the privacy interests at issue, against the competing "principle of publicity," *Ottaway Newspapers, Inc.* v. *Appeals Court,* 372 Mass. 539, 546 (1977), recognized in this Commonwealth. See *Attorney Gen.* v. *Assistant Comm'r of the Real Property Dep't of Boston,* 380 Mass. 623, 625 (1980); *Attorney Gen.* v. *Collector of Lynn,* 377 Mass. 151, 156 (1979); Podolski, Impoundment v. Publicity, 2 Mass. Fam. L.J. 54 (1984). See also *Petition of the Dep't of Social Servs. to Dispense with Consent to Adoption,* 384 Mass. 707, 715 n.16 (1981). We conclude that the legitimate expectations of privacy, possessed by most litigants in domestic relations proceedings, would ordinarily constitute "good cause" to justify impoundment of discovery materials which are confidential in nature. See *Seattle Times Co.* v. *Rhinehart, supra* at 35 n.21, 36-37 (protection of privacy interests or avoidance of "annoyance, embarrassment [or] oppression" sufficient to constitute good cause). Nonetheless, we believe that a different standard must be applied when the deposition testimony at issue concerns a public official, and when that testimony is relevant to allegations of misconduct in office.

First of all, a public official has a significantly diminished privacy interest with respect to information relevant to the conduct of his office. See *Globe Newspaper Co.* v. *Boston Retirement Bd.,* 388 Mass. 427, 436 n.15 (1983); *Themo* v. *New England Newspaper Publishing Co.,* 306 Mass. 54, 58 (1940); Prosser, Privacy, 48 Calif. L. Rev. 383, 410-412 (1960). As recognized in the Restatement (Second) of Torts § 652D comment d (1977), "[w]hen the subject-matter of the publicity is of legitimate public concern, there is no invasion of privacy." This is particularly true, at least with respect to the propriety of an order of impoundment, where, as here,

395 Mass. 274                                    279

George W. Prescott Publishing Co. *v.* Register of Probate for Norfolk County.

there has already been extensive media coverage of the individuals and events at issue. See *id.* at comment b.

Against this limited expectation of privacy, we weigh the public's interest in learning "whether public servants are carrying out their duties in an efficient and law-abiding manner." *Attorney Gen.* v. *Collector of Lynn, supra* at 158. See also *New Bedford Standard Times Publishing Co.* v. *Clerk of the Third Dist. Court of Bristol,* 377 Mass. 404, 417-418 (1979) (Abrams, J., concurring). As treasurer of Norfolk County, Collins is its chief financial officer and the custodian of its funds. See G. L. c. 35, § 10 (1984 ed.). He is also the chairman of the Norfolk County retirement board. See G. L. c. 32, § 20 (3) (*b*) (1984 ed.). Accordingly, the public has a vital interest in full disclosure of all information which is relevant to his alleged misuse of authority. See Marcus, Myth and Reality in Protective Order Litigation, 69 Cornell L. Rev. 1, 50-53 (1984).

Interpreting the "good cause" requirement of Mass. R. Dom. Rel. P. 26 (c), in light of the "general principle of publicity," *Ottaway Newspapers, Inc.* v. *Appeals Court, supra* at 546, we conclude that the documents at issue here may only be impounded on a showing of overriding necessity, which is based on specific findings. See *Press-Enterprise Co.* v. *Superior Court,* 464 U.S. 501, 509-510 (1984); *Richmond Newspapers, Inc.* v. *Virginia,* 448 U.S. 555, 581 (1980) (opinion of Burger, C.J.). Although we need not detail the circumstances under which a party defending an impoundment order might meet this burden, it is clear that allegations of potential embarrassment, or the fear of unjustified adverse publicity, are not sufficient. The judge below gave no consideration to the limited nature of the privacy interests of Treasurer Collins. Further, although the judge properly considered the privacy interests of third parties mentioned in the deposition, he did not determine whether they too are public officials, and thus whether their privacy interests are similarly limited.[5] Finally,

---

[5] On remand, the judge may consider it necessary, or at least advisable, to give notice and an opportunity to be heard to third parties who are mentioned in the impounded documents, but who are not named in the lawsuit.

the judge did not consider the public's vital interest in acquiring information about official wrongdoing. Thus we must vacate the impoundment of the excerpts of the deposition of Treasurer Collins, and order further proceedings to determine whether such impoundment is justified under the standard set forth today.[6]

2. *Rule 401 Financial Statements*.

Rule 401 provides that financial statements submitted by the parties to a divorce proceeding "shall be impounded or kept separate from other papers in the case and shall not be available for public inspection." Citing that rule, the judge refused to vacate the impoundment of the financial statements of Treasurer Collins and Anne Collins.[7] We conclude, first of all, that rule 401 must be interpreted in this case so as to permit a challenge to the impoundment of the litigants' financial records. Moreover, we hold, as we did with respect to the deposition excerpts discussed above, that the impoundment of the records at issue here is only justifiable on a showing of overriding necessity. In the circumstances of this case, we conclude that a modified application of rule 401 is constitutionally required.

The United States Supreme Court has closely scrutinized statutes which, like rule 401, require the automatic closure of judicial records or proceedings. In *Globe Newspaper Co.* v. *Superior Court,* 457 U.S. 596, 602 (1982), the Supreme Court reviewed a decision of this court in which we had upheld the constitutionality of a statute providing for the mandatory exclusion "of the press and general public during the testimony of a minor victim in a sex-offense trial." The Supreme Court reversed, holding that the State interests at issue "could be served just as well by requiring the trial court to determine on a case-by-case basis whether the State's legitimate concern for the well-being of a minor necessitates closure. Such an

---

[6] We do not deem it significant to our holding in part 1 of this opinion that the deposition excerpts have been filed with the court as an attachment to a motion to compel. Instead, "it is the substance of the discovered information," Marcus, *supra* at 50, which is dispositive.

[7] The plaintiff has abandoned its demand for Mrs. Collins's rule 401 statement.

approach ensures that the constitutional right of the press and public to gain access to criminal trials will not be restricted except where necessary to protect the State's interest." *Id.* at 609. See also *Press-Enterprise Co.* v. *Superior Court of Riverside County, supra*; *Richmond Newspapers, Inc.* v. *Virginia, supra*.

Most recently, in *Seattle Times Co.* v. *Rhinehart,* 467 U.S. 20 (1984), the Supreme Court applied the right of access doctrine to the fruits of pretrial civil discovery. The Court recognized that "pretrial depositions and interrogatories are not public components of a civil trial," and thus that "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Id.* at 33. Nonetheless the Court did not sanction the automatic impoundment of materials uncovered during pretrial civil discovery. Instead, it held that the impoundment of such materials was permissible, under the First Amendment, only if based "on a showing of good cause." *Id.* at 37. See also *Tavoulareas* v. *Washington Post Co.,* 737 F.2d 1170, 1172 (D.C. Cir. 1984).

We reiterate that the expectation of privacy of litigants in domestic relations proceedings ordinarily constitutes good cause to justify impoundment of discovery materials, such as rule 401 financial statements. However, we also conclude, at least with respect to cases such as this which involve a public figure who is alleged to have misused public funds, that the First Amendment requires that rule 401 permit interested parties to challenge the routine impoundment of these records. See *Seattle Times Co.* v. *Rhinehart, supra* at 36.[8] Moreover, when such a challenge is made, the trial judge is required either to make sufficient findings which justify the impoundment, see *Press-Enterprise Co.* v. *Superior Court, supra* at 510, or to grant public access to the documents.[9] Furthermore, we hold, as we did with respect

---

[8] We need not decide in what further circumstances, if any, rule 401 must be applied so as to permit challenges to impoundment.

[9] The procedure set forth in *Ottaway Newspapers, Inc.* v. *Appeals Court, supra* at 551 (see note 3, *supra*), is available to a plaintiff in these circumstances.

to the deposition excerpts discussed above, that the impoundment of the rule 401 statements in the circumstances here is only justifiable on a showing of overriding necessity. Thus we must vacate the impoundment of the rule 401 financial statement of Treasurer Collins, and order that the plaintiff be given an opportunity to show that, in the circumstances here, public access is required.

3. *Notice of Deposition.*

The judge also ordered the continued impoundment of a notice of deposition of a third party, who was mentioned in the impounded excerpts of Treasurer Collins's deposition. The judge apparently impounded this document because of potential injury to the reputation of the third-party deponent. We conclude that the principle of publicity applies with the same force to the notice of deposition as it does to the rule 401 financial statements and to the deposition of Treasurer Collins. See *United States* v. *Martin,* 746 F.2d 964, 968 (3d Cir. 1984) (common law right of access includes all judicial records including pleadings and other documents). Consequently, the judge should consider on remand the extent of the privacy interests of this third party, and the extent to which those interests are limited if this person is a public official. If the third-party deponent is a subject of legitimate public scrutiny, and if the notice of deposition is relevant, in any way, to allegations of misconduct in office, only a showing of overriding necessity will justify its continued impoundment.

4. *Conclusion.*

A motion for an order of impoundment is ordinarily a matter addressed to the sound discretion of the trial judge. "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Cronin* v. *Strayer,* 392 Mass. 525, 534 (1984), quoting *Seattle Times Co.* v. *Rhinehart, supra* at 36. However, in a case such as this, the judge must consider the complete range of interests which are relevant to the impoundment of documents involving a public official's conduct in office. Upon reconsideration in

light of the standard we set forth today, the judge may order the complete release of the impounded material, or he may order its partial release after certain material has been redacted.

The judgment of the Probate and Family Court is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion.

*So ordered.*