Brassard, J.
The plaintiff National Engineering Service Corporation (“National") and the defendants Charles Marcinkewich and ProSource, Inc. (“ProSource”), have stipulated and agreed, pending the court’s approval, that certain information and documents exchanged during discovery and throughout the proceedings shall be deemed confidential. This confidential material would be excluded from public *460 inspection and may only be made available to specific persons directly involved with the case. Having heard the parties and examined their submissions, the motion for a protective order is ALLOWED in part and DENIED in part.
The court recognizes the parties’ concern in keeping particular information confidential due to the sensitive nature of items such as trade secrets and customer lists. Nevertheless, the court is also required to balance this concern with the general rule of open, public proceedings within the United States court system. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978) (recognizing “a general right to inspect and copy public records and documents, including judicial records and documents”).
Due to the significant nature of this issue, there is an established method by which the court shall determine whether the need for confidentiality in a particular case outweighs the public’s interest in an open proceeding. See generally, Commonwealth v. Blondin, 324 Mass. 564, 571 (1949). Massachusetts Trial Court Rule VIII, the Uniform Rules on Impoundment Procedure (“Impoundment Rules”) is an assimilation of various principles of common law, including the requirement that an impoundment order be entered only for “good cause.” See H.S. Gere & Sons, Inc. v. Frey, 400 Mass. 326, 332 (1987). The routine practice of bypassing the Impoundment Rules through a simple stipulation and motion for protective order, however, diminishes the importance of this issue. Such motions essentially ignore the impoundment process and often do not even describe the reasons for confidentiality.
The Impoundment Rules define impoundment as “the act of keeping some or all of the papers, documents, or exhibits, or portions thereof, in a case separate and unavailable for public inspection.” See Uniform Rule 1. The proper procedure involves a request for impoundment by a motion written with particularity and accompanied by an affidavit. See Uniform Rule 2. Additionally, there must be a hearing in which the court must determine “good cause” for the impoundment. See Uniform Rule 7. To determine good cause, “the court shall consider all relevant factors, including, but not limited to, the nature of the parties and the controversy, the type of information and the privacy interests involved, the extent of community interest, and the reasons” for the impoundment. See Uniform Rule 7. A finding of good cause may be based solely on a “legitimate expectation of privacy,” especially when the information sought to be protected is considered “intensely personal.” Gere, 400 Mass. at 330; see also George W. Prescott Publ'g Co. v. Register of Probate for Norfolk County, 395 Mass. 274, 279 (1985). The Impoundment Rules specify that “agreement of all parties or interested third persons in favor of impoundment shall not, in itself, be sufficient to constitute good cause.” See Uniform Rule 7.
The court must determine whether “good cause” exists by balancing the privacy issues of the parties against the “general principle of publicity.” See Blondin, 324 Mass. at 571. Furthermore, an impoundment order shall be made only upon written findings which specify the material to be impounded, the method of implementation, as well as the duration. See Uniform Rule 8. These principles apply to pleadings, motions and other papers filed with the court. See Gere, 400 Mass. at 330-33.
In a similar case, another Justice of this Court denied a joint request for confidentiality as to discovery material because the request effectively constituted a motion for an order of impoundment and did not meet the “good cause” requirement. See Sigel v. Flately, 12 Mass. L. Rptr. No. 2, 33 (Sup. Ct. 2000) (Agnes, J.). The court pointed out that if implemented, the joint motion would represent a “far reaching order,” in which the parties could deem discovery materials confidential without demonstration of good cause and without prior approval by the court. Id. at 34. The court reasoned “the motion before the court would replace judicial discretion with the discretion of the parties in making the determination of whether, when, and to what extent material filed with the court is available to others.” Id.
In the present case, the parties agreed that they want to protect “proprietary and/or confidential information from unauthorized and unnecessary disclosure.” Motion, 1. The motion for protective order details the material to be deemed confidential as “any document, deposition testimony, answer to interrogatory, response to request for admission, object, thing, or other material, or portions thereof, furnished by or on behalf of any party to another party.” Motion, para. 1. Information that could be marked confidential includes “sensitive business information that is not generally available to the public or others in the industry, not readily determinable from other sources, treated as confidential by the parties and/or reasonably likely to lead to injury if it is disclosed to the competition, others in the industry or to the public.” Motion, para. 3. Furthermore, it is specified that the confidential material will only be made available to specific persons including the Court and its officers, attorneys of record for each party, persons regularly employed by or associated with the attorneys, and independent experts. Motion, para. 5.
Although the motion would primarily restrict access to discovery materials not filed with the court, various aspects of the motion reflect broad restrictions to public access consistent with those of an impoundment order. Notably, paragraph nine of the motion states “if any confidential material is summarized, discussed or quoted from any deposition or hearing before the Court, all persons other than those authorized to receive such material shall be excluded from the premises. Any confidential material contained in *461 or annexed to documents filed with the Court shall be sealed." Motion, para. 9 (emphasis added). Given this provision, the stipulation and proposed protective order essentially constitute an order for impoundment. If allowed, the order would restrict public access to documents and other information pertaining to the trial, subject only to the parties’ own discretion. The motion would allow the parties to determine what material will be deemed confidential without a hearing at which the court would determine the presence or absence of “good cause.” Thus, the broad scope of the motion as detailed in paragraph nine is not appropriate.
In the course of the hearing before this Court, the parties expressed mutual concern regarding the other’s involvement with their respective client lists and contacts. Confidentiality of discovery materials appears reasonably necessary to protect the parties’ interests in such sensitive materials.
The court thus ORDERS that the Joint, Assented to Motion for Confidentiality is ALLOWED to the extent of discovery materials and otherwise DENIED. Any restriction of public access to documents filed with the Court will be effected only upon motion in compliance with the Impoundment Rules.