Lauriat, J.
On December 7, 2001, the Globe Newspaper Company, Inc. (“the Globe”), brought an action to terminate impoundment orders and allow its inspection of the papers in seventeen civil actions that had been filed in the Middlesex County Superior Court dating back to 1991. The Globe alleged that these actions may have involved judicial proceedings brought against members of the clergy containing allegations of sexual abuse of children.
All attorneys of record in the impounded cases were notified of the Globe’s action and were provided with a copy of the Globe’s Complaint, its motion to terminate the impoundment orders and supporting memorandum, and a copy of this court’s Order scheduling a hearing on this matter for February 4, 2002. All interested parties were invited to submit legal memoranda prior to the hearing.
On December 17, 2001, the Globe filed a First Amended Complaint in which it eliminated several of the subject civil actions which it had concluded did not involve the kinds of allegations that it was investigating. The Globe thereafter filed a Second, Third and Fourth Amended Complaint, further reducing the number of actions to which it was seeking access. According to Globe’s Fourth Amended Complaint, the relevant Middlesex Superior Court cases are now Civil Actions 91-7619, 94-3674, 94-3675 and 97-2023.
Counsel for several of the plaintiffs in these impounded cases, as well as counsel for certain of the defendants, attended the hearing on February 4, 2002. At the hearing, the Court allowed the motion of The Boston Herald, Inc. to intervene in this action and join the Globe’s efforts to terminate the impoundment orders.[1]
After the hearing, and upon consideration of the memoranda and affidavits filed by the interested parties, the court will modify the existing impoundment orders in Middlesex County Civil Actions 94-3674, 94-3675 and 97-2023 to authorize continued impoundment only of those portions of the record that specifically identify the plaintiffs or that relate information that would lead to the plaintiffs being identified either by those who know them or those seeking to identify them through reasonable investigation. The *413 Globe’s motion with regard to Middlesex County Civil Action No. 91-7619 is denied, as the Globe has conceded that this action does not allege or involve allegations of sexual abuse against members of the clergy.
DISCUSSION
Many of the interested parties in the present case have engaged in parallel litigation in which the Globe has sought to terminate existing impoundment orders in a number of Suffolk County Superior Court civil actions. In that case, Globe Newspaper Company, Inc. v. Clerk of Suffolk County Superior Court, Suffolk County Superior Court Civil Action No. 01-5588-F, the court (Gants, J.) issued a Memorandum and Order on Plaintiff Globe Newspaper Company, Inc.’s Motion to Terminate Impoundment Orders, dated February 4, 2002, in which it modified the impoundment orders in those cases. 14 Mass. L. Rptr. 315. This court, where applicable, will modify the existing Middlesex Superior Court impoundment orders in the same manner that the Suffolk Superior Court impoundment orders have been modified.
The Memorandum and Order in the Suffolk Superior Court action noted that the Uniform Rules of Impoundment state that “(a]n order of impoundment may be entered by the court, after hearing, for good cause shown and in accordance with applicable law.” Uniform Rule, Rule 7. The Memorandum and Order contains a lengthy analysis of the constitutional and common law protections that permit public access to court proceedings as they interacted with the “good cause” standard sufficient to support an impoundment order. It concludes that the common law and the First Amendment to the United States Constitution support a heavy presumption in favor of public access to all court proceedings and related documents, and that this presumption of openness was particularly implicated when the nature of the controversy involved matters of legitimate public concern.
The presumption of openness is not absolute and can be overcome when a party demonstrates that it has a compelling interest in preventing public access to the court’s records. A party’s compelling interest in foreclosing access to records stems from its legitimate expectations of privacy as those expectations may be inferred from actions founded on the common law tort of invasion of privacy and from statutory entitlements to privacy. Once a party demonstrates a compelling interest, the court is required to fashion a remedy narrowly tailored to serve that interest while retaining, to the extent possible, the public’s right to open records and proceedings.
This court agrees with and therefore adopts the reasoning and rationale set forth in the Memorandum and Order in Globe Newspaper Company, Inc. v. Clerk of Suffolk County Superior Court, Suffolk County Superior Court Civil Action No. 01-5588-F. 14 Mass. L. Rptr. 315. In keeping with that decision, this court concludes that the plaintiffs in Middlesex Superior Court Civil Actions 94-3674, 94-3675 and 97-2023 have demonstrated a compelling interest in impounding certain information m the court’s records in those cases because the plaintiffs are alleged victims of sexual abuse that occurred when they were minors. Releasing their names and identifying information would discourage similarly victimized individuals from seeking redress in the courts, and carries the unacceptable risk that they will be re-victimized by the possible stigma associated with the allegations that they were sexually abused.
However, this court’s responsibility to fashion a remedy that respects the plaintiffs’ compelling interests does not require that the files in the subject Middlesex Superior Court actions remain impounded in their entirely. Therefore, the court will modify the applicable impoundment orders in a manner that will protect the plaintiffs’ identify and any information that would serve to identify them to those who know them or seek to learn their identify through a reasonable investigation.
At the same time, the court concludes that the defendants in the subject actions have not demonstrated that they have a compelling interest in maintaining the impoundment orders. There are two types of defendants in the impounded cases: institutional defendants whose potential liability rested on theories of negligent supervision or vicarious liability, and individual members of the clergy accused of sexually abusing minors. At the hearing on this matter held on February 4, 2002, counsel for certain of the institutional defendants withdrew those defendants’ objections to the Globe’s present motion. The remaining institutional defendants can advance no greater reason in support of impoundment than their right to continue to enjoy a bargained-for anonymity or the need to protect them from embarrassment. These interests are not sufficient to support good cause. George W. Prescott Publishing Co. v. Register of Probate for Norfolk County, 395 Mass. 274, 279 (1985).
The individual defendants alleged to have abused the plaintiffs present a stronger claim to continued impoundment, since they face considerable stigma if they are identified. However, these defendants’ legitimate expectations of privacy are lower than those presented by the plaintiffs. In part, as the Suffolk County Superior Court’s Memorandum and Order states, a defendant’s lesser legitimate expectation of privacy is a distinction developed through historical accretion in the practical day-to-day workings of the courts. In addition, a defendant’s asserted public taint can be expunged by an equally public exoneration, whereas no court proceeding can erase the stigma a publicly known plaintiff suffers merely by initiating suit.
Additionally, this court notes that the policy concerns underlying the public’s right to open judicial proceedings is more heavily implicated by the defendants identify than that of the plaintiffs. Access to the courts allows the public to fully understand court proceedings and therefore acts as an effective check *414 on the fairness of the judicial system. The Boston Herald, Inc. v. Sharpe, 432 Mass. 593, 606 (2000). Open trials serve as a guarantee of fair trials. To ensure fair trials, the public must be able to monitor whether the coercive power of the state is properly employed to address a defendant’s alleged misdeeds or is misused to harass and abuse defendants who are, for some reason, unpopular with the plaintiffs. The possibility that the courts will be abused in this manner increases when indictments or complaints can be brought against anonymous defendants. It is the defendant’s identity that provides the public with the first line of defense in monitoring abuse of the courts. Therefore, even in cases like this one, where the defendants themselves seek to continue impoundment, the defendants have a lower legitimate expectation of privacy than plaintiffs because the public interest in knowing who they are is greater.
Finally, the Court declines to terminate the impoundment order in Middlesex Superior Court Civil Action No. 91-7619. A determination of good cause hinges in part on whether the nature of the controversy is a matter of legitimate piiblic concern. The Boston Herald, Inc. v. Sharpe, 432 Mass. at 608. The legitimate public concern targeted by the Globe is the clergy’s sexual abuse of minors. However much the facts and allegations of 91-7619 can be construed as matters of legitimate public concern, they are inapplicable to the concerns the Globe raises. Therefore, this Court will continue the impoundment order in that case.
ORDER
For the forgoing reasons, the Globe Newspaper Company, Inc.’s Motion to Terminate Impoundment Orders is ALLOWED in part and DENIED in part, as follows:
1. The orders of impoundment entered in Middlesex Superior Court Civil Actions No. 94-3674, 94-3675 and 97-2023, are modified to permit impoundment only of those portions of the court records that identify the plaintiffs by name, address, or through such other information that reasonably would permit them to be identified by someone who knows them or by someone willing to engage in a reasonable investigation to determine their identities.
2. To accomplish this result, this court has caused the three impounded original files in Middlesex Superior Court Civil Actions No. 94-3674, 94-3675 and 97-2023 (“the original files”) to be photocopied. The court has itself redacted with a black marker those portions of the documents and transcripts in those files that would reveal the plaintiffs’ identities (“the original redactions”) and has made photocopies of those redacted flies (“the redacted copies”). The original redactions shall be placed in the original files of the three cases and the original files shall remain impounded.
3. The redacted copies shall be placed in new redacted files, marked by the appropriate civil action number followed by the word “REDACTED.” Only the redacted files shall be made available to the public.
4. A new docket shall be prepared in all three cases by the Clerk of Court replacing the plaintiffs names in all instances with a pseudonym.
5. This Order for public release of the redacted files is stayed until March 22, 2002! Each plaintiffs counsel may contact the Assistant Clerk to review the redacted file in his or her case to examine the proposed redactions and no later than March 15, 2002, may file written objections to the redactions with specific requests for additional redactions. The court will review and rule upon any requests for further redactions prior to the public release of the redacted files.
6. The Clerk of Court shall cause this Memorandum and Order to be delivered by first class mail or other appropriate means, to all counsel of record in this case and in the impounded cases which are the subject of this Order.
7. A copy of this Memorandum and Order shall be placed in both the original and redacted files of each of the impounded files.
8. The impoundment order issued in Middlesex Civ. No. 91-7619 remains in effect without change or modification.

 For purposes of clarity, the Globe and The Boston Herald, Inc. will be designated collectively as the “Globe.”