Chin, Richard J., J.
The issue before the court arises from a motion filed by the Bristol County District Attorney’s Office, seeking post-verdict impoundment of a filing by the Commonwealth in the case of Commonwealth v. Goncalves, PLCR2011-00021. On January 30, 2015, the Commonwealth filed its Motion for In Camera Review of Sensitive Matter Which May Become Relevant at Trial (“Motion for In Camera Review” or “the Motion”). On February 3, 2015, Bristol County District Attorney Thomas M. Quinn, III, filed a Motion to Impound Motion to Impeach Karen O’Sullivan and all Corresponding Sidebar Conferences (“Motion to Impound”). For the reasons that follow, the Bristol County District Attorney’s Motion to Impound is DENIED.
BACKGROUND
The trial of defendant Michael Goncalves began on January 5, 2015. On January 21, 2015, the Commonwealth called as a witness Antonio Viega. The defendant called Attorney Karen O’Sullivan as a witness on January 30, 2015. Attorney O’Sullivan served as an Assistant District Attorney in Plymouth County from 1997 to 2012.[1] During this period, then-A.D.A. O’Sullivan prosecuted the witness, Viega, in a Superior Court criminal case. The defense wished to question her about certain aspects of that prosecution.
Prior to Attorney O’Sullivan’s testimony on January 30, 2015, the Commonwealth filed its Motion for In Camera Review. The Commonwealth’s three-page Motion sought determinations by the court: first, as to whether certain information was required to be disclosed pursuant to Mass.R.Crim.P. 14; and, second, as to whether said information was permissible for purposes of cross examination. Appended to the Commonwealth’s Motion were some thirty-six pages of emails, images, and other documentation generated during Attorney O’Sullivan’s employment with the Plymouth Couniy District Attorney’s Office.
The Commonwealth’s Motion for In Camera Review was initially filed ex parte. The court refused to review the *656 motion until copies were served upon the defendant. Following service, a hearing was held on the Motion. After hearing and consideration, the court first issued a preliminary ruling that’ the proposed impeachment materials were irrelevant. Next, at the request of defense counsel, the court temporarily sealed the Commonwealth’s Motion for the duration of the defendants’ trial.[2] Lastly, although the court temporarily sealed the Motion for the duration of the trial, it made further findings that there were no grounds for impoundment thereafter.
The records included in the Commonwealth’s Motion for In Camera Review were never introduced into evidence at trial. They were also not used in the cross examination of Attorney O’Sullivan, or any other witness. On February 3, 2015, District Attorney Quinn filed the motion presently before the court, seeking to impound the Motion, and all corresponding sidebar conferences. As grounds, he asserts that the information within the Commonwealth’s Motion was produced in violation of the personnel records exception established by G.L.c. 4, §7(26)(c), that Attorney O’Sullivan’s personnel file was not maintained in accordance with G.L.c. 149, §52C, and that public release of the records in question would only serve to harass and invade the privacy of Attorney O’Sullivan.
DISCUSSION
I. Standing
a. Standing to Request Impoundment
Generally, standing requires that one have a personal stake in the outcome of a controversy. Care & Prot. of Shortens, 445 Mass. 756, 771 (2006), and cases cited. District Attorney Quinn has filed the Motion to Impound in his professional capacity as District Attorney, on behalf of the Bristol County District Attorney’s Office. He is not acting on behalf of Attorney O’Sullivan, nor has Attorney O’Sullivan sought to impound the Motion in her personal capacity.[3]
The court acknowledges that District Attorney Quinn may have an interest in shielding his office from negative publicity, particularly where the material before the court reflects poorly upon his First Assistant. However, the material in question was generated during Attorney O’Sullivan’s tenure with the Plymouth County District Attorney’s Office. It does not concern a case prosecuted by District Attorney Quinn’s office, or question any act taken by Attorney O’Sullivan in the scope of her employment with the Bristol County District Attorney’s Office. The threat of embarrassment or negative attention does not confer standing upon District Attorney Quinn in the present case.
b. Standing to Assert Personnel Records Exception
Pursuant to G.L.c. 66, §10, an act relating to public records, any custodian of public records must make available for inspection and copying any public record upon request. Documents produced during court proceedings are presumed to be public records. G.L.c. 66, §10(c). General Laws c. 4, §7(26)(c) exempts from the definition of public records “personnel and medical files or information,” as well as other materials relating to an individual, “the disclosure of which may constitute'' an unwarranted invasion of personal privacy.” When considered together, G.L.c. 66, §10 and G.L.c. 4, §7(26) (c) protect the custodian of the public record from the compulsion of producing records concerning exempt information, including personnel records. Neither statute addresses what rights, if any, are held by the submitter of the public information. See Globe Newspaper Co. v. Boston Ret. Bd., 388 Mass. 427, 442 n.24 (1983).
Regardless, the materials in question were not produced pursuant to a G.L.c. 66, §10 public records request. The Commonwealth instead produced them in the course of a homicide prosecution. Regardless of whatever rights the “submitter” of information may or may not hold, the material in question pertains to Attorney O’Sullivan, not District Attorney Quinn. As stated above, District Attorney Quinn is acting in his professional capacity, not as counsel to Attorney O’Sullivan. The materials in question do not implicate District Attorney Quinn, his office, or Attorney O’Sullivan’s employment therein. The court again declines to recognize any stake held by the Bristol County District Attorney’s Office, or District Attorney Quinn sufficient to confer standing in the motion presently before it.[4]
II. Impoundment
Under both Massachusetts and federal jurisprudence, there is a longstanding right of public access to judicial records. Commonwealth v. Fujita, No. SJC-11578, slip op. at 6 (Sup.Jud.Ct., Jan. 27, 2015), and cases cited. “(T]hese rights are intended to ensure and instill public confidence and trust in our system of justice, and in the integrity and fairness of its proceedings.” Id Under Massachusetts law, once a document is filed in court, it is a public record, accessible to all, unless a statute or court rule demands its impoundment. Commonwealth v. Winfield 464 Mass. 672, 679 (2013).
To overcome the presumptive right of the public to access judicial records, the party seeking impoundment must make a showing of “good cause.” Fujita, SJC-11578, slip op. at 10-11, citing Republican Co. v. Appeals Court, 442 Mass. 218, 225 (2004). The court must then balance the rights of the parties, based on the facts of each case in determining whether good cause is shown. Boston Herald Inc. v. Sharpe, 432 Mass. 593, 604 (2000). Relevant factors weighing upon this determination include “the nature of the parties and the controversy, the type of information and privacy interests involved, the extent of community interest, and the reason for the request.” Id at 604 n.22. Impoundment is always the exception to the rule. Fujita, SJC-11578, slip op. at 11, citing Republican Co., 442 Mass. at 223.
Assuming, for purposes of argument, that District Attorney Quinn did have standing to seek impoundment of the materials at issue, the court would still not find *657 good cause to do so. It is well established that it is the duty of a district attorney to seek justice — to protect the innocent as well as to convict the guilty. See Commonwealth v. Tabor, 376 Mass. 811, 817 n. 10 (1978). See also Commonwealth v. Smith, 387 Mass. 900, 905 (1983). The office of district attorney is “purely a public trust to be administered solely for the interest of all the people.” Attorney General v. Pelletier, 240 Mass. 264, 295 (1922).
The material District Attorney Quinn seeks to impound reflects directly on the fitness of employees of the Plymouth County District Attorney’s Office to perform their duties, and the ability of the office’s leadership to effectively supervise those employees. Surely, the transmission of an image of a child clothed in the traditional garb of the Ku Klux Klan, from a Plymouth County District Attorney email address, raises questions as to whether those involved in the exchange are fit to prosecute crime on behalf of the Commonwealth. Further, the Motion calls into question the manner in which the Plymouth County District Attorney’s Office treats and refers to victims of crime, specifically victims of rape, arguably the most personal and invasive of all crimes. Given the duty charged and trust granted the district attorney in the prosecution of criminal activity, the community’s interest in access to the judicial records at issue substantially outweighs any countervailing interest in their impoundment.
The privacy interests of those persons involved in the transmission of the material in question are similarly insufficient to support an order of impoundment. Particularly, those persons sending and receiving emails from state-issued email addresses, on computers financed by taxpayer dollars, lack a privacy interest that could counter the interest of the general public in learning what public employees are doing on public computers, during work hours.
Lastly, the court infers that the motivation for the Motion to Impound is largely to avoid embarrassment and public scrutiny, which could arise were the motion denied. In light of the public interests discussed above, the court finds such reasoning insufficient to support an order of impoundment.[5]
III. Privacy Rights of Third Parties
In considering a motion to impound judicial records, the court may take into consideration the privacy interests of third parties. See Prescott Publ’g Co. v. Register of Probate for Norfolk Cnty., 395 Mass. 274, 279 & n.5 (1985). In the present case, the court will redact the names of private third parties who did not forward or participate in the transmission of the material in question. The identities of those private individuals who unknowingly served as subjects of discussion, but were not included in the conversation, will also be redacted.
ORDER
The Bristol County District Attorney’s Motion to Impound Motion to Impeach Karen O’Sullivan and all Corresponding Sidebar Conferences is DENIED.
It is hereby ORDERED that the Commonwealth’s Motion for In Camera Review of Sensitive Matter Which May Become Relevant at Trial be redacted to eliminate the names of private third parties not involved in the forwarding or transmission of the materials contained therein.
The court annexes hereto, as Appendix A, the redacted version of the Commonwealth’s Motion for In Camera Review. The original copy of the Motion will be held under seal as to protect the privacy interests of unwitting third parties.

 Attorney O’Sullivan resigned from the Plymouth County District Attorney’s Office in October of 2012. Shortly after, she was hired by the Bristol County District Attorney’s Office. She presently is the First Assistant to District Attorney Quinn.

 The defendant expressed concern that, were the materials not temporarily sealed, Attorney O’Sullivan’s supervisory responsibilities related to the Bristol County District Attorney’s ongoing, highly publicized prosecution of Aaron Hernandez could create media attention negatively impacting the defendant’s right to a fair trial.

 Attorney O’Sullivan was present on February 3, 2015, when the court heard the Motion to Impound, but did not file any request to impound the Commonwealth’s Motion.

 District Attorney Quinn, for the reasons discussed above, similarly lacks standing to challenge the propriety of entries to Attorney O’Sullivan’s personnel file pursuant to G.L.c. 149, §52C.

 As the court determines there is no standing or requisite “good cause” to support impoundment of the Motion in question, it similarly follows that District Attorney Quinn also lacks standing and sufficient cause to impound any portion of the trial record generated at sidebar.