NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-472

LISA A. MACKEY

vs.

SANTANDER BANK, N.A.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is an action by Lisa A. Mackey for declaratory or injunctive relief to invalidate a mortgage that her now ex-husband, James F. Mackey, Jr.,[1] purportedly as trustee of the JLJM Realty Trust (trust), granted to the defendant, Santander Bank, N.A. (Santander),[2] in 2008 on real property located in Tewksbury.[3]  This is the second appeal in this matter.  In the

_____

[1] Because Lisa Mackey and James Mackey share a last name, we refer to them by their first names to avoid confusion.

[2] The mortgage was granted to Santander's predecessor, Sovereign Bank.  Hereinafter, we refer to the lender as Santander.

[3] James is not a party to this appeal.  Lisa's claims against him were dismissed on the basis of res judicata and she did not appeal from that aspect of the judgment.  Santander asserted a cross claim against James and a third-party claim

first appeal, we vacated a judgment entered in favor of Santander on the ground of estoppel by deed. Santander invited us to affirm on an alternative ground raised for the first time on appeal: that the mortgage was valid by operation of G. L. c. 184, § 34 (§ 34). Mackey v. Santander Bank, N.A., 98 Mass. App. Ct. 431, 432 (2020) (Mackey I). We declined, because "the absence of a factual record properly presented to the motion judge" meant "there [was] an insufficient basis to affirm on this alternative theory." Id. at 438, 439. "[W]e remand[ed] for further proceedings consistent with this opinion." Id. at 439.

On remand, the motion judge again granted summary judgment to Santander, although not based on Santander's § 34 argument. Instead, the judge relied on a third ground, namely that the mortgage was valid by operation of G. L. c. 184, § 35 (§ 35). The motion judge denied each party's motion for reconsideration. On appeal, Lisa argues that the motion judge misconstrued § 35 and therefore Santander was not entitled to summary judgment declaring the mortgage valid on this ground, or under § 34. For its part, Santander defends the judge's reliance on § 35, but

against the trust for breach of contract based on James's or the trust's failure to repay the loan. On July 16, 2018, a judge of the Superior Court allowed Santander's motion for judgment on those claims. Neither James nor the trust appealed.

2

also argues that the judge should have ruled in its favor based on § 34.  Santander seeks to press its § 34 argument by way of a cross appeal in which it argues, inter alia, that the judge abused his discretion by not reopening discovery to develop a factual record on which the § 34 issues could be decided.  We vacate the judgment and remand for further proceedings.

Background.  We summarize the undisputed facts in the light most favorable to the nonmoving party, Lisa.  Molina v. State Garden, Inc., 88 Mass. App. Ct. 173, 177 (2015).  The facts are largely as recited in Mackey I, 98 Mass. App. Ct. at 432-433.

1.  Execution of the mortgage and recordings at the registry of deeds.  In 1998, while James and Lisa were married, James established the trust, designated himself the trustee, and had the title to the marital home transferred from his construction company to the trust.  The deed and the trust were recorded in the Middlesex County North registry of deeds (registry).  Lisa and James were beneficiaries.  Mackey I, 98 Mass. App. Ct. at 432.  The trust provided that if James "shall be unable or unwilling to serve as Trustee, then [Lisa] shall serve as Successor Trustee hereunder."  Otherwise, in the event of a vacancy of the original and succeeding trustee, all of the beneficiaries could appoint a new trustee.

3

Under the trust, the trustee could treat the property as if it were the trustee's own, including mortgaging it, but beneficiaries could not.  The trust further provided that in determining the identity of the trustee, "[a]ny person shall be entitled to conclusively rely on the records at the appropriate Registry of Deeds."

On October 9, 2000, without Lisa's knowledge, James resigned as trustee.  The terms of the trust did not expressly require notice of the resignation to Lisa, the co-beneficiary and successor trustee.  James and his sister then signed documents purporting to appoint James's sister as successor trustee.  These documents were recorded in the registry.[4]  It is undisputed that James recorded his resignation, albeit without noting the resignation on the margin of the trust document that was on record.  A title search readily would have revealed that James was no longer the trustee.

In 2008, James applied for a $400,000 line of credit from Santander secured by a mortgage on the property.  Santander employed a vendor known as Fiserv to perform a "limited title search," purportedly "pursuant to general title underwriting guidelines."  Fiserv missed the fact that James had resigned as

---

[4] "Both Lisa and Santander agree that the appointment of the sister was contrary to the terms of the trust."  Mackey I, 98 Mass. App. Ct. at 432.

4

trustee and advised Santander that the mortgage should be signed by James as trustee and accompanied by a certificate attesting to James's authority, while the note should be signed by James individually and as trustee.  Even though James had resigned as trustee more than seven years earlier, he supplied Santander with a trustee's certificate falsely attesting that he was the "current trustee" of the trust and specifically authorized by the beneficiaries to grant the mortgage.  Santander extended the line of credit and James purported to execute the mortgage as trustee.[5]  Although Santander had no actual notice that James had resigned, it acknowledges "that the resignation could have been found by a name search."

Over three years later, on December 14, 2011, James's sister purported to resign as trustee, and she and James signed and recorded documents purporting to reappoint James as trustee.

By 2015, James had ceased making payments on the loan, he and Lisa were divorced, and foreclosure of the mortgage "was imminent."  Mackey I, 98 Mass. App. Ct. at 433.  A judge of the Probate and Family Court ordered the property sold and the proceeds divided as part of the divorce, but that order was stayed, as was the foreclosure, when Lisa filed suit to declare

_____

[5] "Lisa was unaware of the line of credit and the mortgage at that time."  Mackey I, 98 Mass. App. Ct. at 432.

5

the mortgage invalid because James was not the trustee when he granted it. See id. at 433 & n.6.

2. The first appeal. In the first appeal, we vacated a judgment granted to Santander that declared that the mortgage was "valid by virtue of the doctrine of estoppel by deed." Mackey I, 98 Mass. App. Ct. at 432. "We conclude[d] that the doctrine [was] unavailable [to Santander] because James was not a trustee of the trust holding title to the real estate at the time the mortgage was granted or any time thereafter." Id. We declined to reach Santander's alternative argument, raised for the first time on appeal, that pursuant to § 34, "the mortgage is binding on the trust because James's resignation was not noted on the margin of the trust in the registry of deeds." Id. at 438. Lisa had asserted that "'handwritten references in the margins of trust or other documents have been abandoned' due to technological advances, and she urge[d] a more flexible interpretation of the statute that comports with the goal of notice." Id. We declined to reach the issue because the record on appeal did not contain facts about "good title practice, how notations were made on recorded documents, or the title search results that would have appeared in 2008 when James executed the mortgage 'as trustee.'" Id. at 438-439. In other words, the appellate record was not adequate for us to decide the issue.

Accordingly, we remanded the case "for further proceedings consistent with this opinion." Id. at 439.

3. Proceedings after remand. On remand, Santander moved "to reopen expert discovery" so that it could supply an expert to support its § 34 argument. Discovery had closed on February 17, 2017, which was before the first round of summary judgment motions. The motion judge denied Santander's request to reopen discovery.

After receiving permission to file a second summary judgment motion, Santander then again moved for summary judgment and asserted that the mortgage was valid under § 34. Santander's § 34 argument was based on an additional "fact" witness in the form of an affidavit of the Middlesex County North register of deeds, Richard P. Howe, Jr. (Howe affidavit). The Howe affidavit described the registry's practices for marginal references and trustee resignations from and after 1995. In response, Lisa protested being forced "to have to incur more time and expense to rebut, or supplement" the affidavit after a judge had declined to reopen discovery, and she asked for fees. She objected to consideration of the Howe affidavit. In the alternative, she argued that some of the Howe affidavit constituted legal opinion that should be disregarded, and she also "hedged her bets" by supplementing the Howe

7

affidavit with her own submittal from Howe regarding the practice of the registry he oversaw.

Santander, in addition to arguing that § 34 allowed it to rely on the absence of a marginal notation that James had resigned as trustee, argued in the alternative that § 35 allowed it to rely on the trustee certificate that James had completed. Santander had raised that argument in its original summary judgment motion but chose not to press the issue in the first appeal.

The motion judge noted Santander's "attempts to skirt the court's order and reopen discovery on its own" by providing the Howe affidavit. He concluded that "[r]eopening discovery is unfair to the plaintiff" and did not consider the Howe affidavit. "Because Santander's § 34 argument [was] predicated entirely [on the Howe affidavit]," the motion judge concluded that Santander's § 34 argument failed.

The motion judge, however, ruled in Santander's favor based on its § 35 argument. He reasoned that because Santander had no actual knowledge that James had resigned as trustee, Santander was entitled as a matter of law to rely on James's certificate that falsely claimed he was trustee. Judgment entered declaring the mortgage valid and again dismissing the counterclaim for unjust enrichment as moot. Both parties timely sought

8

reconsideration, and the motion judge denied both motions.  This appeal followed.

Discussion.  1.  General Laws c. 184, § 35.  As an initial matter, Lisa argues that Santander should have been barred from raising its § 35 argument on remand because it did not raise § 35 in the first appeal.  We pass over this issue and conclude Santander's § 35 argument fails on its merits.

In discerning the meaning of § 35, we start with the statutory language, which "should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result." Commonwealth v. Wassilie, 482 Mass. 562, 573 (2019), quoting Sullivan v. Brookline, 435 Mass. 353, 360 (2001).  The plain language of § 35 states that a third party can rely on a trustee's certificate where the signature on that certificate is that of "a person who from the records of the registry of deeds . . . for the county or district in which real estate owned by a nontestamentary trust lies, appears to be a trustee thereunder."[6]

_____

[6] Section 35 states:

"Notwithstanding section 25 to the contrary, a certificate sworn to or stated to be executed under the penalties of perjury, and in either case signed by a person who from the records of the registry of deeds or of the registry district of the land court, for the county or district in which real estate owned by a nontestamentary trust lies, appears to be a trustee thereunder and which certifies as

9

It necessarily follows that by its terms, § 35 does not apply where the registry records show that the signatory is not the trustee.  It is undisputed that James's resignation was recorded in the registry and that Santander readily could have discovered this had Fiserv taken more than a cursory look.  Moreover, it is well established under the terms of the trust and general trust law, as Santander correctly concedes, that a person may be charged with constructive notice of a document recorded at the registry, provided that it would be discovered by a reasonablydiligent title search.  See Bank of Am., N.A. v. Casey, 474 Mass. 556, 567 (2016); Rogaris v. Albert, 431 Mass. 833, 835 (2000); Baker v. James, 280 Mass. 43, 47 (1932); Plunkett v. First Fed. Sav. & Loan Ass'n of Boston, 18 Mass. App. Ct. 294, 305 (1984); G. L. c. 203, § 2.  The fact that

to:  (a) the identity of the trustees or the beneficiaries thereunder; (b) the authority of the trustees to act with respect to real estate owned by the trust; or (c) the existence or nonexistence of a fact which constitutes a condition precedent to acts by the trustees or which are in any other manner germane to affairs of the trust, shall be binding on all trustees and the trust estate in favor of a purchaser or other person relying in good faith on the certificate.  The certificate most recently recorded in the registry of deeds for the county or district in which the real estate lies shall control."

10

Santander had no actual notice that James had resigned does not give it license to rely on James's false certification.[7]

2. General Laws c. 184, § 34. As noted, Santander argues that the judge should have ruled in its favor based on § 34. Section 34 provides third parties some measure of protection with regard to trust amendments that are recorded but not noted on the margin of trust documents filed on record. Because it is undisputed that James's resignation was not noted on the margin of the trust document here, Santander argued in the first appeal that, by operation of § 34, the Santander mortgage is binding on the trust. Mackey I, 98 Mass. App. Ct. at 438. As noted, we declined to reach this issue in the first appeal because there was not an adequately developed factual record on appeal with respect to good title practices and the like. By way of cross appeal, Santander argues that the judge abused his discretion in not allowing Santander's request to reopen discovery.

We cannot reasonably say that the judge on remand abused his discretion in holding the parties to the applicable discovery deadlines for fact discovery and identifying experts. See Nally v. Volkswagen of Am., Inc., 405 Mass. 191, 197 (1989)

---

[7] This interpretation does not render § 35 surplusage. Trustees may change for any variety of reasons, including death, incapacity, and resignation, and the change may not be recorded. Section 35 protects a good faith purchaser or mortgagee in the event a change of trustee is not recorded.

11

("Trial judges have 'broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial. . . . Within this discretion lies the power to exclude or deny expert testimony . . . and to exclude testimony of witnesses whose use at trial is in bad faith or would unfairly prejudice an opposing party'" [citation omitted]); George W. Prescott Publ. Co. v. Register of Probate for Norfolk County, 395 Mass. 274, 282 (1985) ("The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude" [citation omitted]). Indeed, Lisa contends on appeal that had Santander raised the § 34 argument before the first appeal, discovery might have given access to materials that might have benefitted her. The fact that Lisa responded to Santander's Howe affidavit with her own affidavit from Howe rather than stand idly by does not change the analysis.[8]

---

[8] On remand, if both parties seek to reopen discovery, whether to do so will be in the sound discretion of the Superior Court judge. We take no position on the matter. Of course, nothing prohibits either party from subpoenaing documents to trial, including Fiserv's title abstract that apparently was never produced in discovery. Even if that abstract is never produced, Santander's counsel's ethical obligations would prevent Santander from arguing as fact something it knows contradicts that abstract.

12

In the present context, all that we need to resolve is whether to reach § 34 as a potential alternative basis for affirming the allowance of summary judgment in Santander's favor. Without the Howe affidavit, Santander's § 34 argument in this appeal stands on no different footing than it did in Mackey I. Accordingly, the motion judge did not err in concluding that on the state of the record before him, Santander was not entitled to summary judgment based on § 34.

Conclusion. The judgment declaring the mortgage valid and dismissing the counterclaim as moot is vacated. The case is remanded for further proceedings. To avoid further conflict over the scope of the remand, we further order as follows: the Superior Court should enter judgment for Lisa on Santander's assertion that the mortgage is valid pursuant to § 35; on remand, Santander may assert any other defenses timely and properly asserted in its pleadings, none of which are before us,[9] including § 34, to the extent that the record supports it, and the defenses should be tried unless both parties agree otherwise; if Santander has no such defense, judgment declaring

_____

[9] Indeed, neither the record appendix in Mackey I nor in this appeal even contain the complaint or answer.

13

the mortgage invalid shall enter in favor of Lisa.  Santander's claim for unjust enrichment also is remanded for resolution.

So ordered.

By the Court (Milkey, Henry & Desmond, JJ.[10]),

*Paul Little*

Clerk

Entered:  July 30, 2024.

---

[10] The panelists are listed in order of seniority.