SUPERIOR COURT 
 
 GREG MILLER: WELLESLEY ASSET MANAGEMENT, INC.; AND MICHAEL MILLER v. DARLENE MURPHY

 
 Docket:
 2484CV03366-BLS2
 
 
 Dates:
 January 6, 2025
 
 
 Present:
 Kenneth W. Salinger
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER DENYING PETITIONERS’ MOTION FOR IMPOUNDMENT
 
 

 Greg Miller, Wellesley Asset Management, Inc., and Michael Miller (the “Petitioners”) contend that they defeated claims asserted against them by Darlene Murphy during a private arbitration proceeding, but that a JAMS appellate panel set that decision aside and instead issued a substantial award in Murphy’s favor. In this civil action, Petitioners ask the Court to vacate the JAMS Appellate Decision and Interim Award and to confirm the final award by the original arbitrator.
Petitioners have filed a motion seeking to impound the entire case file, including the civil action cover sheet, the complaint or “Application,” and the exhibits attached to the Application (including the original arbitration award and the JAMS Appellate Decision. In support of this motion, Petitioners argue that the parties’ arbitration agreement requires that the parties “shall maintain the confidential nature of the arbitration proceeding and the Award,” and contend that the filed materials contain unspecified “proprietary information, confidential business information, and/or sensitive or personal information belonging to the Petitioners and Respondent.”
The Court will deny this motion because Petitioners have not met their burden of proving that there is good cause to impound any part of their Application, the supporting exhibits, or the general case description in their civil action cover sheet.
As a general matter, exhibits and other materials filed as part of a civil or criminal action in Massachusetts courts can be viewed and copied by the pubic unless the party seeking to keep them secret establishes that there is “good cause” for impounding them and thus barring public access to them. See Commonwealth v. George W. Prescott Publishing Co., 463 Mass. 258, 269 (2012);
 
                                                            -1-
 
New England Internet Café, LLC v. Clerk of the Superior Court for Criminal Business, 462 Mass. 76, 83 (2012).
“Massachusetts has long recognized a common-law right of access to judicial records.” New England Internet Café, 462 Mass. at 82, quoting The Republican Co. v. Appeals Court, 442 Mass. 218, 222 (2004). “As a result, most judicial records— including transcripts, evidence, memoranda, court orders and … material relating to the issuance of search warrants (after the warrant is returned)—are presumptively public documents.” Id. at 83.
Judges may restrict “[t]he public’s right of access to judicial records, … but only on a showing of ‘good cause.’ ” Republican Co., supra, at 223. “[I]mpoundment is always the exception to the rule, and the power to deny public access to judicial records is to be ‘strictly construed in favor of the general principle of publicity.’ ” Republican Co., supra, at 223, quoting Commonwealth v.  Blondin, 324 Mass. 564, 571 (1949), cert. denied, 339 U.S. 984 (1950). “Closing a court record is analogous to closing a courtroom during a trial—both deny the public a right of access to see what is happening in a judicial case and both restrictions are of constitutional dimension.” Globe Newspaper Co. v. Clerk of Suffolk Cnty. Superior Ct., Suffolk Super. Ct. No. 01-5588-F, 2002 WL 202464, at *4 (Mass. Super. Feb. 4, 2002) (Gants, J.) (terminating impoundment orders in civil cases alleging sexual abuse by clergy).
“[T]he party urging impoundment (or continued impoundment) bears the burden of ‘demonstrating the existence of good cause’ ” to bar public access to parts of the case file. New England Internet Café, 462 Mass. at 83, quoting Republican Co., supra, at 225. As explained in the rules that govern impoundment:
In determining good cause, the court shall consider all relevant factors, including, but not limited to, (I) the nature of the parties and the controversy, (ii) the type of information and the privacy interests involved, (iii) the extent of community interest, (iv) constitutional rights, and (v) the reason(s) for the request. Agreement of all parties, interested nonparties, or other persons in favor of impoundment shall not, in itself, be sufficient to constitute good cause.
Rule 7(b) of the Trial Court’s Uniform Rules on Impoundment Procedure. “[A]llegations of potential embarrassment, or the fear of unjustified adverse publicity, are not sufficient” to establish that there is good cause to impound
 
                                                            -2-
 
judicial records. George W. Prescott Publishing Co. v. Register of Probate for Norfolk County, 395 Mass. 274, 279 (1985).
The fact that the parties agreed by contract to keep their arbitration proceeding confidential is not sufficient grounds for impounding any of the materials filed by Petitioners in bringing this civil action. “The agreement of all parties to a proceeding does not by itself warrant redaction or impoundment.” Globe Newspaper Co. v. Commonwealth, 407 Mass. 879, 887 (1990).
Similarly, Petitioners’ conclusory assertion that the filed materials contain proprietary, confidential, or sensitive information is not sufficient to meet their burden of showing good cause for impoundment. Petitioners have not identified, and in reviewing the filed materials the Court cannot discern, any trade secrets or other highly sensitive information that may properly be withheld from the public file for this civil action.
The mere assertion that disclosure of information contained in the underlying arbitration records “could have negative business consequences” for the parties, or “could negatively impact” their “privacy interests” does not justify impounding those materials when they are filed in court, because “conclusory assertions of prejudice” from public disclosure of parts of a case file are insufficient to establish that there is good cause for impounding those materials. See George W. Prescott Publishing, 463 Mass. at 271.
ORDER
Petitioners’ motion for impoundment is denied.