Brassard, J.
The plaintiffs, St. Paul Fire and Marine Insurance (as subrogee and assignee of First Patriot Corporation), Rhonda Ziner, Nikki Bronstein, Eric Richman, David Rosenberg, Mary Appulgiese, Mark Buceolo, and First Patriot Corporation (“Plaintiffs”) together with Third-Pariy Defendants, Rhonda Ziner, Nikki Bronstein, Eric Richman, David Rosenberg, Mary Appulgiese, and Mark Buccolo (“Third-Party Defendants”), move this court to enter a stipulation and protective order governing confidential discoveiy material. The parties have stipulated and agreed, pending the court’s approval, that certain information and documents exchanged during discovery and throughout the proceedings shall be deemed confidential. This confidential material would be excluded from public inspection and may only be made available to specific persons directly involved with the case. Having examined the submissions, the motion for a protective order is DENIED without prejudice.
The court recognizes the parties’ concern in keeping particular information confidential due to the sensitive nature of items such as trade secrets and customer lists. Nevertheless, the court is also required to balance that concern with that of the general rule of open, public proceedings within the United States court system. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978) (recognizing “a general right to inspect and copy public records and documents, including judicial records and documents”).
Due to the significant nature of this issue, there is an established method by which the court shall determine whether the need for confidentiality in a particular case outweighs the public’s interest in an open proceeding. See generally, Commonwealth v. Blondin, 324 Mass. 564, 571 (1949). Massachusetts Trial Court Rule VIII, the Uniform Rules on Impoundment Procedure, (“Impoundment Rules”) is an assimilation of various principles of common law, including the requirement that an impoundment order be entered only for “good cause.” See H.S. Gere & Sons, Inc. v. Frey, 400 Mass. 326, 332 (1987). The routine practice of bypassing the Impoundment Rules through a simple stipulation and motion for a protective order, however, diminishes the importance of this issue. Such motions *528 essentially ignore the impoundment process and often do not even describe reasons for confidentiality.
The Impoundment Rules define impoundment as “the act of keeping some or all of the papers, documents, or exhibits, or portions thereof, in a case separate and unavailable for public inspection.” See Uniform Rule 1. The proper procedure involves a request for impoundment by a motion written with particularity and accompanied by an affidavit. See Uniform Rule 2. Additionally, there must be a hearing in which the court must determine “good cause” for the impoundment. See Uniform Rule 7. To determine good cause, “the court shall consider all relevant factors, including, but not limited to, the nature of the parties and the controversy, the type of information and the privacy interests involved, the extent of community interest, and the reasons" for the impoundment. See Uniform Rule 7. A finding of good cause may be based solely on a “legitimate expectation of privacy,” especially when the information sought tobe protected is “intensely personal.” Gere, 400 Mass. at 330; see also George W. Prescott Publ'g Co. v. Register of Probate for Norfolk County, 395 Mass. 274, 279 (1985). The Impoundment Rules specify that “agreement of all parties or interested third persons in favor of impoundment shall not, in itself, be sufficient to constitute good cause.” See Uniform Rule 7.
The court must determine whether “good cause" exists by balancing the privacy issues of the parties against the “general principle of publicity.” See Blondin, 324 Mass. at 571. Furthermore, an impoundment order shall be made only upon written findings which specify the material to be impounded, the method of implementation, as well as the duration. See Uniform Rule 8. These principles apply to pleadings, motions and other papers filed with the court. See Gere, 400 Mass. at 330-33.
In a similar case, another Justice of this Court denied a joint request for confidentiality as to discovery material because the request effectively constituted a motion for an order of impoundment and did not meet the "good cause” requirement. See Sigel v. Flately, 12 Mass. L. Rptr. No. 2, 33 (Sup. Ct. 2000) (Agnes, J.). The court pointed out that if implemented, the joint motion would represent a “far-reaching order,” in which the parties could deem discovery materials confidential without demonstration of good cause and without prior approval by the court. Id. at 34. The court reasoned, “the motion before the court would replace judicial discretion with the discretion of the parties in making the determination of whether, when, and to what extent material filed with the court is available to others.” Id.
The same result follows here. The stipulation and proposed protective order essentially constitute an order for impoundment, that if allowed, would restrict public access to documents and other information pertaining to the trial, subject only to the parties’ own discretion. The order would thus allow the parties to determine what material will be deemed confidential without a hearing at which the court would determine the presence or absence of “good cause.” At minimum, this joint motion should have consisted of a carefully crafted document that respects, rather than circumvents, the Impoundment Rules. Neither party here has submitted an affidavit attesting to the nature of the controversy and the privacy matters implicated.
The court finds that the parties have failed to present sufficient evidence as to the need for confidentiality of the materials and information, hence there has been no demonstration of “good cause.” The court ORDERS that the assented-to Motion for Confidentiality is DENIED without prejudice to its renewal in accordance with the Impoundment Rules.