Agnes, Peter W., J.

INTRODUCTION

Applicant Neles-Jamesbury, Inc. (“Neles-Jamesbuiy’j filed this ex parte motion for impoundment pursuant to Trial Court Rule VIII, Uniform Rules on Impoundment Procedure. Neles-Jamesbuiy requests that its Application to Compel Arbitration (“Application”) and associated exhibits be impounded before they are filed. Neles-Jamesbury’s purpose is to file an application under seal with the Court to compel the respondents Employers Insurance Company of Wasau (“Wasau”) and Liberty Mutual Insurance Company (“Liberty Mutual”) to proceed to arbitration. For the following reasons, the motion is DENIED without prejudice.[2]

BACKGROUND

Neles-Jamesbury commenced the action to adjudicate its rights under insurance policies issued by Wasau and Liberty. In settling the action, the parties entered into an agreement. The agreement outlined rules for administering claims made against Neles-Jamesbuiy, including an arbitration provision. Neles-Jamesbury seeks to compel Wasau and Liberty to proceed to arbitration to resolve a dispute regarding a proposed rate increase for Neles-Jamesbury’s defense firm. Liberty Mutual ultimately agreed to the rate increase. However, Wasau has not. Wasau has also rejected the proposed arbitrators. Thus, the choice of arbitrator also remains an issue between Neles-Jamesbury, Liberty Mutual, and Wasau.
Neles-Jamesbury has contractual obligations under the terms of a settlement agreement to use its best efforts to keep certain papers and information (“Addendum 1”) confidential. The Application and associated exhibits disclose the terms of Addendum 1. Accordingly, Neles-Jamesbury has submitted this ex parte motion for the Court to impound all materials, including the Application and exhibits.

DISCUSSION

Under the Uniform Rules on Impoundment Procedure, “impoundment” means “the act of keeping some or all of the papers, documents or exhibits, or portions thereof in a case separate and unavailable for public inspection. It shall also be deemed to include the act of keeping dockets, indices, and other records unavailable for public inspection.” Trial Court Rule VIII, Uniform Rule 1. It has long been held that the Court has inherent equitable power “to impound its files in a case and to deny public inspection of them ...” George W. Prescott Pub. Co. v. Register of Probate for Norfolk County, 395 Mass. 274, 277 (1985), quoting Sanford v. Boston Herald-Traveler Corp., 318 Mass. 156, 158 (1945). However, there is a common-law “presumption that court records in civil proceedings are available to the general public and the press . . .” Peter M. Lauriat et al., Discovery §1.4 (2001, 2007 update). See also The Boston Herald, Inc. v. Sharpe, 432 Mass. 593, 605-06 (2000). Trial Rule VIII is designed to enforce the public’s right of access to court documents.
In exercising the Court’s discretion to enter an order of impoundment, the judge “must recognize that im-poundment is always the exception to the rule, and the power to deny public access to judicial records is to be ‘strictly construed in favor of the general principle of publicity.’ ” The Republican Co. v. Appeals Court, 442 Mass. 218, 223 (2004), quoting Commonwealth v. Blondin, 324 Mass. 564, 571 (1949), cert. denied, 339 U.S. 984 (1950). Whenever a civil suit is filed, it is as if there is an interested “third party” to the suit — the general public. The Court may restrict or impound records, transcripts, evidence, memoranda, and court orders only upon a showing of “good cause.” The Republican Co., 442 Mass. at 223. See also George W. Prescott Pub. Co., 395 Mass. at 277, quoting Sanford, 318 Mass. at 158 (“when justice so requires”). To determine whether there is “good cause” for impoundment, the Court must balance the privacy rights or interests of the parties against the “general principle of publicity.” The Republican Co., 442 Mass. at 223; H.S. Gere & Sons, Inc. v. Frey, 400 Mass. 326, 329 (1987); Commonwealth v. Blondin, 324 Mass. at 571. *40 The Court must evaluate the facts of each particular case, taking into account all relevant factors, such as “the nature of the parties and the controversy, the type of information and the privacy interests involved, the extent of the Community interest and the reason(s) for the request.” The Republican Co., 442 Mass. at 223, quoting Trial Court Rule VIII, Uniform Rule 7. The Court “must tailor the scope of the impoundment order so that it does not exceed the need for the impoundment.” H.S. Gere & Sons, Inc., 400 Mass. at 329.
“[A]n impoundment order shall be made only upon written findings which specify the material to be impounded, the method of implementation, as well as the duration. See [Trial Court Rule VIII, Uniform Rule 8]. These principles apply to pleadings, motions and other papers filed with the court.” See St. Paul Fire & Marine Ins. Co. v. Goguen, Civil No. 004667, 2001 WL 1174139 (Middlesex Super.Ct. July 18, 2001) (Brassard, J.) [13 Mass. L. Rptr. 527). See also H.S. Gere & Sons, Inc., 400 Mass. at 330-33. The Court may make an ex parte order of impoundment “upon a showing that immediate and irreparable injury may result before a party or interested third person can be heard in opposition.” Trial Court Rule VIII, Uniform Rule 3; Peter M. Lauriat et al., Discovery §3.19 (2001).
Here, the Court will not impound the Application and exhibits. Neles-Jamesbury has not demonstrated that there is good cause to overcome the general presumption of public availability of judicial records. While it may have confidentiality obligations to the other parties in the case, it has failed to articulate the nature of those obligations and how it will be harmed if the documents are not impounded. There are little or no facts or reasons presented to enable the Court to properly evaluate the interest in privacy against the public’s right of access. An impoundment order would be inappropriate without the Court’s ability to balance the relative merits of privacy versus public access in this controversy, particularly in an ex parte context where immediate and irreparable injury must be shown. That showing, likewise, has not been met. The Court bears in mind that impoundment orders are not favored — they have been seen as a “burden on the Court and on the Clerk’s Office” because “[t]hey tend to foment extra and peripheral litigation over what is, and what is not, confidential, and what should, and what should not, be produced.” Krulanelis v. Sentinel Benefits Group, Inc., Civil No. CA000487C, 2000 WL 33159206 (Middlesex Super.Ct. August 21, 2000) (van Gestel, J.). Thus, Neles-Jamesbury’s ex parte motion for impoundment is denied because it has not met the required standard. See also The Boston Herald, Inc., 432 Mass. at 603-08.

ORDER

For the foregoing reasons, it is hereby ORDERED that applicant Neles-Jamesbuiy’s ex parte motion for impoundment be DENIED without prejudice.

It should be noted that there is a companion case to the present controversy. That case involves an insurance coverage dispute. Neles-Jamesbury alleges that certain defendant insurance companies have an obligation to defend and indemnify it against claims associated with its manufacture and sale of products containing asbestos. The defendant insurance companies include Lumbermens Mutual Insurance Company, Century Indemnity Company, and St. Paul Fire and Marine Insurance Company. Other insurance companies are also involved in the litigation: Transportation Insurance Company and Continental Casualty Company. The issues in that case include, among others, the existence and terms of alleged primary insurance policies, the degree to which asbestos-related bodily injuries implicate coverage, whether Neles-Jamesbury’s defense costs have been reasonable and proper and how they should be allocated, and whether Neles-Jamesbuiy’s insurance claims are barred.